**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ARCHER AND WHITE SALES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HENRY SCHEIN, INC., DANAHER | § | CIVIL ACTION NO.: |
| CORPORATION, INSTRUMENTARIUM | § | 2:12-CV-00572-JRG-RSP |
| DENTAL INC., DENTAL EQUIPMENT | § | |
| LLC, KAVO DENTAL TECHNOLOGIES, | § | |
| LLC AND DENTAL IMAGING | § | |
| TECHNOLOGIES CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF ARCHER AND WHITE SALES, INC.'S
SUR-REPLY IN OPPOSITION TO MANUFACTURER DEFENDANTS'
<u>MOTION TO COMPEL ARBITRATION AND STAY ALL PROCEEDINGS</u>**

Jerry L. Beane
State Bar No. 01966000
jerrybeane@andrewskurth.com
Kay Lynn Brumbaugh
State Bar No. 00785152
kaylynnbrumbaugh@andrewskurth.com
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
214.659.4400 Telephone
214.659.4401 Facsimile

**ATTORNEYS FOR PLAINTIFF
ARCHER AND WHITE SALES, INC.**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

I.       INTRODUCTION .................................................................................................1

II.     ARGUMENT AND AUTHORITIES ...............................................................1

       A.      Manufacturer Defendants cannot escape the fact that the arbitration agreement drafted by Pelton & Crane contains an express exclusion of actions, such as this one, seeking injunctive relief. .............................................1

       B.      Manufacturer Defendants ignore the fact that equitable estoppel only applies in rare circumstances, which are not present here. ......................................5

       C.      Manufacturer Defendants misrepresent Archer Dental's statements......................7

       D.      The additional agreements are not relevant, since the Manufacturer Defendants have not moved to compel under those agreements. ...........................7

III.    CONCLUSION....................................................................................................8

DAL:846514.2

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alford v. Dean Witter Reynolds, Inc.*,
    975 F.2d 1161 (5th Cir. 1992) ..................................................................................4

*Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*,
    No. 4:11-CV-3218, 2012 WL 1494340 (S.D. Tex. Apr. 27, 2012) .....................................5, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................3

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
    345 F.3d 347 (5th Cir. 2003) ...................................................................................7

*Duke v. Crop Growers Ins., Inc.*,
    70 F.Supp.2d 711 (S.D. Tex. 1999) ........................................................................4

*Funeral Consumers Alliance, Inc. v. Service Corp. Int'l*,
    No. H-05-3394, 2008 WL 7356272 (S.D. Tex. Nov. 24, 2008) ...............................4

*State of N.Y. v. Oneida Indian Nation of New York*,
    90 F.3d 58 (2d Cir. 1996) ........................................................................................2

*Westmoreland v. Sadoux*,
    299 F.3d 462 (5th Cir. 2002) ...................................................................................7

**STATUTES**

15 U.S.C. § 26 ..............................................................................................................3

TEX. BUS. & COM. CODE, § 15.21(b) ..............................................................................3

DAL:846514.2

Plaintiff Archer and White Sales, Inc. ("Archer Dental") files this sur-reply in support of its opposition to the motion to compel arbitration filed by Defendants Danaher Corporation, Instrumentarium Dental Inc., Dental Equipment LLC, Kavo Dental Technologies, LLC, and Dental Imaging Technologies Corporation (collectively, "Manufacturer Defendants").   The motion to compel arbitration and stay should be denied for the reasons explained below.

## I.      INTRODUCTION

In their Reply, the Manufacturer Defendants attempt to discredit Archer Dental by misrepresenting its arguments.  The Manufacturer Defendants also attach various contracts and a draft contract which they neither attached to, nor mentioned in, their opening motion.  Despite these attempts to distract the Court, the Manufacturer Defendants have not, and cannot, deny two simple points:

> (1)      the plain language of the arbitration provision in the Pelton & Crane 2007 agreement (and subsequent versions) clearly and unmistakably excludes "actions," such as this one, which are "seeking injunctive relief;" and

> (2)      the Manufacturer Defendants have not proven the rare circumstances that might entitle them to enforce the arbitration clause through equitable estoppel.

Each of these points is fatal to the Manufacturer Defendants' motion to compel arbitration.

## II.      ARGUMENT AND AUTHORITIES

**A.      Manufacturer Defendants cannot escape the fact that the arbitration agreement drafted by Pelton & Crane contains an express exclusion of actions, such as this one, seeking injunctive relief.**

The Manufacturer Defendants try to extricate themselves from the terms of the Pelton & Crane arbitration provision that expressly excludes "actions seeking injunctive relief," such as

1

this one, by claiming that the exclusion, which was drafted by Pelton & Crane,[1] is too broad. Reply at 4; Mot., Ex. A, ¶ 12.8.  "Where the parties to an arbitration agreement specifically have excepted a certain type of claim from mandatory arbitration, it is the duty of courts to enforce not only the full breadth of the arbitration clause, but its limitations as well." *State of N.Y. v. Oneida Indian Nation of New York*, 90 F.3d 58, 62 (2d Cir. 1996).  The Manufacturer Defendants must live with the language of the arbitration provision that the parties signed, language that clearly exempts this dispute.

Not surprisingly, the Manufacturer Defendants do not provide the Court with their interpretation of the exclusion because there is no plausible interpretation that would favor their position.  Rather, they simply ask the Court to ignore the plain language of the exclusion.  Parties are free to craft exclusions to their arbitration clauses as broadly or as narrowly as they wish. "[P]arties… may limit by agreement the claims they wish to submit to arbitration. If the parties make such an intention clear, the federal policy favoring arbitration must yield… it is clear that federal policy alone cannot be enough to extend the application of an arbitration clause far beyond its intended scope." *Oneida Indian Nation*, 90 F.3d at 61.  Perhaps Pelton & Crane later determined that it did not like the injunctive action exclusion it drafted, as the most recent proposed contract it provided to Archer Dental on September 10, 2012 (which was never signed by Pelton & Crane) no longer contains that exclusion in the arbitration provision.  *See* Reply Ex. C at ¶ 7.14.  Pelton & Crane cannot, however, revise its existing contracts by pretending that the exclusion does not mean what it says or by asking the Court to ignore its plain meaning.

The Manufacturer Defendants overstate when they claim that "either party could evade the obligation to arbitrate at any point simply by including a request for injunctive relief in any

---

[1] Archer Dental does not believe that the exclusion is ambiguous.  But, to the extent that the exclusion could be considered ambiguous, under basic principles of contract interpretation, it should be construed against the drafter, Pelton & Crane.

DAL:846514.2

damages action filed in court." Not every cause of action is capable of supporting an ancillary request for injunctive relief – the vast majority of breach of contract, breach of fiduciary duty, and negligence actions, for instance, would not qualify under this exemption. Under federal and Texas antitrust law, however, injunctive relief is more than an ancillary claim to a lawsuit for damages. A lawsuit seeking only injunctive relief for an antitrust violation may be filed and an injunction can be granted against "threatened loss or damage." 15 U.S.C. § 26; *see also* TEX. BUS. & COM. CODE, § 15.21(b). Moreover, if a party attempted to evade the arbitration agreement in the manner suggested by the Manufacturer Defendants, the problem could be addressed by a Rule 12(b)(6) motion: if the claims for injunctive relief were not adequately supported by the pleadings, those claims would be dismissed and the action would no longer be one seeking injunctive relief.

Archer Dental has more than adequately pled its requests for injunctive relief. Archer Dental has alleged claims under Section 16 of the Clayton Act, 15 U.S.C. § 26, and the Texas Free Enterprise and Antitrust Act, TEX. BUS. & COM CODE, § 15.21(b), both of which explicitly provide for suits seeking injunctive relief. Archer Dental has alleged an ongoing price-fixing conspiracy and illegal boycott which are currently causing harm to Archer Dental. Contrary to Manufacturer Defendants' suggestions that Archer Dental's injuries relate solely "to events that transpired 3 ½ to 4 ½ years ago," (Reply at 5), the management of Manufacturer Defendants continues to threaten Archer Dental that if it offers better prices to a dentist than Schein, Archer Dental will be unable to sell Danaher equipment. Compl. ¶ 52. Archer Dental does not need to prove its entitlement to injunctive relief at this stage; all that is required of the claim for injunctive relief are enough facts to render the claim "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Archer Dental has done so. The fact that Archer Dental also seeks damages in addition to injunctive relief in this action is irrelevant, since the plain

3

language of the arbitration agreement exempts "<u>actions</u> seeking injunctive relief" (emphasis added) rather than just "claims" for injunctive relief as the Manufacturer Defendants wish it did.

Manufacturer Defendants do not point to a single case that supports their attempted re-writing of the arbitration provision. *Duke v. Crop Growers Ins., Inc.*, 70 F.Supp.2d 711 (S.D. Tex. 1999) has no bearing here and did not involve the interpretation of an exclusion within an arbitration provision of certain types of actions. In *Duke*, pursuant to an arbitration clause by which the parties agreed to arbitration of "all disputes between [them] arising out of the insurance contract," the plaintiff policy holder and defendant insurer voluntarily participated in a full arbitration hearing on the issue of a rice crop insurance claim. *Id.* at 713. Plaintiff disagreed with the arbitrator's decision in defendants' favor and sought a de novo review of the arbitration decision by filing suit in a federal district court. The plaintiff argued that a "right to sue" provision in the insurance policy – which required plaintiff's compliance with all policy provisions – allowed plaintiff to instigate litigation even if an arbitration decision had been rendered. It was that position that the court in *Duke* observed would produce an absurd result and render the arbitration provision meaningless. *Id.* at 715. Specifically, the *Duke* court refused to characterize "the right-to-sue provision as authorizing Plaintiffs to take a second whack at recovery." *Id.* at 716.

The Manufacturer Defendants' reliance on *Funeral Consumers Alliance, Inc. v. Service Corp. Int'l*, No. H-05-3394, 2008 WL 7356272 (S.D. Tex. Nov. 24, 2008), is likewise misplaced; the opinion had nothing to do with arbitration. The issue in that case was whether a claim for damages or injunctive relief "predominates" in a class action for purposes of a court's class certification analysis under Rule 23. Similarly, *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992), concerned an arbitration provision in a broker registration agreement and whether certain "claims" should be stayed or arbitrated. The case did not involve the

4

interpretation of an express exclusion of a particular type of "action" from an arbitration provision.

The Manufacturer Defendants also miscite *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, No. 4:11-CV-3218, 2012 WL 1494340 (S.D. Tex. Apr. 27, 2012), for the proposition that the existence of a "claim" for injunctive relief does not prevent compelling to arbitration other claims.  Reply at 5.  The arbitration provision in *Amegy Bank* was markedly different from the clause at issue here.  *Id.* at *2. The arbitration agreement Pelton & Crane drafted and to which it agreed expressly excludes "actions seeking injunctive relief."   In contrast, the arbitration provision in *Amegy Bank* did not exclude any claim or action; it merely stated that the parties could exercise other remedies such as obtaining injunctive relief, sequestration, garnishment and the like without waiving the right to arbitration or rendering the arbitration provision inapplicable.  *Id.*  Furthermore, the operative complaint in *Amegy Bank* did not even assert a request for permanent injunctive relief, as does the Archer Dental complaint in this action.  *Id.* at *5.

Despite the repeated misstatement tactics and desire to run from their own document, the Manufacturer Defendants are bound by the arbitration provision they seek to enforce, and that provision expressly excludes this action from arbitration.  Manufacturer Defendants' efforts to re-write the arbitration provision must be rejected.

## B.     Manufacturer Defendants ignore the fact that equitable estoppel only applies in rare circumstances, which are not present here.

In response to Archer Dental's showing that Manufacturer Defendants do not qualify for the rare circumstances where equitable estoppel would allow them to benefit from Pelton & Crane's arbitration clause, the Manufacturer Defendants make a number of arguments that are inconsistent with the law and the facts of the case.  Their first argument that "the party and the contract with the arbitration agreement are at the core of Plaintiff's allegation" is simply not

supported by the facts.[2]  The Manufacturer Defendants continuously seek to mislead the Court

by referring to the contract as one between Archer Dental and "Danaher and its predecessors."

*See, e.g.,* Reply at 2.  But that is not the case – the contract is between Archer Dental and Pelton

& Crane, which is just one of the many Manufacturer Defendants.  The contract is not with

Schein (a competitor, not a manufacturer), Danaher, Instrumentarium, Dental Equipment LLC,

KaVo or Dental Imaging Technologies.  The contract makes no reference to parents,

subsidiaries, predecessors, successors, or affiliate entities.  There is no specific mention of the

Pelton & Crane contract or any rights under it in the complaint.  Archer Dental's allegations and

the dispute among the parties arise out of the antitrust conspiracy between Schein and Company

X, which was later joined by the Manufacturer Defendants.

The Manufacturer Defendants do not attempt to counter Archer Dental's showing that

applying estoppel in these circumstances would be inequitable.  Instead they make the brazen

argument that the Court cannot consider the allegations in the complaint in making the

determination because "there is no basis for the Court to judge the merits of Plaintiff's

allegations of misconduct."  Reply at 7.  In other words, the Manufacturer Defendants ask the

Court to rely on the allegations of conspiracy as a grounds for equitable estoppel, but would

forbid the Court to rely on those same allegations, which the Court must accept as true for these

purposes,[3] in determining whether estoppel would be equitable.  This is absurd.  The

Manufacturer Defendants ask the Court to apply an equitable doctrine, and the Court is entitled

to consider the equity of that request.

The Manufacturer Defendants are incorrect that there are no circumstances under which it

would be equitable to apply *Grigson's* intertwined actions test – there are circumstances in which

---

[2] The Manufacturer Defendants make essentially the same equally-flawed argument in an attempt to show that the
dispute is within the scope of the Pelton & Crane arbitration provision.

[3] *See Amegy Bank Nat. Ass'n,*  2012 WL 1494340, at *10 n.2.

joint tortfeasors' actions are alleged to be intertwined, but the concerted nature of the actions is not in itself wrongful.  The circumstances in which it is equitable to apply this test may not be common, but the *Grigson* exception to the general rule that arbitration agreements can only be enforced by a signatory applies in "rare circumstances."  *Westmoreland v. Sadoux,* 299 F.3d 462, 465 (5th Cir. 2002); *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 358 (5th Cir. 2003).   These rare and limited circumstances in which equitable estoppel can apply are not present here.

**C.    Manufacturer Defendants misrepresent Archer Dental's statements.**

The Manufacturer Defendants misquote Archer Dental in an attempt to discredit its arguments.  For instance, the Manufacturer Defendants assert that Archer Dental claimed that the Manufacturer Defendants admitted that there were no other agreements with any other Manufacturer Defendants containing arbitration provisions.  Reply at 8.  What Archer Dental actually pointed out to the Court was that the Manufacturer Defendants had not provided the Court with any other agreements and that the Manufacturer Defendants had admitted that *Instrumentarium* did not have a contract containing an arbitration clause, a fact that Manufacturer Defendants do not deny.  *See* Opp'n. at 3, 4 n.2 & 8 n.6; Reply at 8.

**D.    The additional agreements are not relevant, since the Manufacturer Defendants have not moved to compel under those agreements.**

The Manufacturer Defendants attached to their reply a number of documents that they had not previously provided to the Court: (1) a September 2012 proposal that never went into effect because the Manufacturer Defendants did not accept Archer Dental's modifications; (2) a 2008 agreement with Kavo Dental that does not have an arbitration clause; and (3) agreements with DCI and Marus that contain the same injunction action exclusion as the Pelton & Crane agreement.  The Manufacturer Defendants, however, have not moved to compel under these agreements, so they are not relevant to the arbitrability of this dispute.  Even if they had so

7

moved, the same arguments that apply to the Pelton & Crane agreement are equally applicable to the agreements with DCI and Marus.

### III.    CONCLUSION

For the reasons detailed here and in its Opposition Brief, Plaintiff Archer Dental requests that the Court deny Manufacturer Defendants' motion to compel arbitration.

DATED:  October 29, 2012.

Respectfully submitted,

__/s/ Jerry L.  Beane_____
Jerry L. Beane
State Bar No.  01966000
jerrybeane@andrewskurth.com
Kay Lynn Brumbaugh
State Bar No.  00785152
kaylynnbrumbaugh@andrewskurth.com
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
214.659.4400 Telephone
214.659.4401 Facsimile

**ATTORNEYS FOR PLAINTIFF
ARCHER AND WHITE SALES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify on this 29th day of October, 2012, that a copy of the foregoing *Plaintiff Archer and White Sales, Inc.'s Sur-Reply in Opposition to Manufacturer Defendants' Motion to Compel Arbitration and Stay All Proceedings* was filed and served by operation of the electronic filing system of the U.S. District Court for the Eastern District of Texas upon all counsel of record who have consented to receive notice of filings in this matter.

Layne E. Kruse
Fulbright and Jaworski LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095

Steven R. Kuney
Jonathan B. Pitt
James H. Weingarten
Williams & Connolly, LLP
725 Twelfth Street NW
Washington, DC  20005

*Attorneys for Defendants Danaher Corporation, Instrumentarium Dental, Inc., Dental Equipment LLC, KaVo Dental Technologies, LLC and Dental Imaging Technologies Corporation*

Paul F. Schuster
Michael V. Powell
Locke Lord LLP
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Helene D. Jaffe
Alan R. Kusinitz
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036-8299

*Attorneys for Defendant Henry Schein, Inc.*

   */s/ Jerry L.  Beane*
Jerry L. Beane

9