**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ARCHER AND WHITE SALES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| HENRY SCHEIN, INC., DANAHER | § | CIVIL ACTION NO.: |
| CORPORATION, INSTRUMENTARIUM | § | 2:12-CV-00572-JRG-RSP |
| DENTAL INC., DENTAL EQUIPMENT | § | |
| LLC, KAVO DENTAL TECHNOLOGIES, | § | |
| LLC AND DENTAL IMAGING | § | |
| TECHNOLOGIES CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF ARCHER AND WHITE SALES, INC.'S SUR-REPLY IN**
**OPPOSITION TO DEFENDANT HENRY SCHEIN, INC.'S MOTION**
<u>**TO COMPEL ARBITRATION AND TO STAY ALL PROCEEDINGS**</u>

Jerry L. Beane
State Bar No. 01966000
jerrybeane@andrewskurth.com
Kay Lynn Brumbaugh
State Bar No. 00785152
kaylynnbrumbaugh@andrewskurth.com
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
214.659.4400 Telephone
214.659.4401 Facsimile

**ATTORNEYS FOR PLAINTIFF**
**ARCHER AND WHITE SALES, INC.**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

I.     INTRODUCTION ............................................................................................1

II.    ARGUMENT AND AUTHORITIES ...............................................................1

      A.    Schein cannot escape the fact that the arbitration agreement drafted by
Pelton & Crane contains an express exclusion of actions, such as this one,
seeking injunctive relief. ......................................................................................1

            1.    This action is subject to the exclusion because it is an adequately
pled action seeking injunctive relief. ............................................................2

            2.    Even without the exclusion, this action is outside the scope of the
arbitration provision. ......................................................................................3

      B.    Conspirators are not deemed agents of their co-conspirators for purposes
of allowing them to benefit from their co-conspirators' arbitration contracts. ........4

      C.    Schein ignores the fact that equitable estoppel only applies in rare
circumstances, which are not present here. .............................................................5

III.   CONCLUSION ................................................................................................6

DAL:847387.1

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC,*
  No. 4:11-CV-3218, 2012 WL 1494340 (S.D. Tex. Apr. 27, 2012)..........................................6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)...................................................................................................................3

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan,*
  345 F.3d 347 (5th Cir. 2003) .....................................................................................................6

*Palmer Ventures LLC v. Deutsche Bank*
  AG, 254 F. App'x 426 (5th Cir. 2007) .......................................................................................5

*State of N.Y. v. Oneida Indian Nation of New York,*
  90 F.3d 58 (2d Cir. 1996) ..........................................................................................................2

*Westmoreland v. Sadoux,*
  299 F.3d 462 (5th Cir. 2002) .....................................................................................................6

STATUTES

15 U.S.C. § 26...................................................................................................................................2

TEX. BUS. & COM CODE, § 15.21(b) .............................................................................................2

DAL:847387.1

Plaintiff Archer and White Sales, Inc. ("Archer Dental") files this sur-reply in support of its opposition to the motion to compel arbitration and stay filed by Defendant Henry Schein, Inc. ("Schein").[1]   The motion to compel arbitration and stay should be denied for the reasons explained below.

## I.   INTRODUCTION

In its Reply, Schein attempts to discredit Archer Dental by misrepresenting its factual statements and legal arguments.  Despite these attempts to distract the Court, Schein has not, and cannot, deny three simple points:

(1)   the plain language of the arbitration provision in the Pelton & Crane 2007 agreement (and subsequent versions) clearly and unmistakably excludes "actions," such as this one, which are "seeking injunctive relief;"

(2)   no state or federal law allows members of a conspiracy to claim status as agents of their co-conspirators for their own benefit, such as invoking a co-conspirator's arbitration agreement; and

(3)   Schein has not proven the rare circumstances that might entitle it to enforce the arbitration clause through equitable estoppel.

These points are fatal to Schein's motion to compel arbitration.

## II.   ARGUMENT AND AUTHORITIES

**A.   Schein cannot escape the fact that the arbitration agreement drafted by Pelton & Crane contains an express exclusion of actions, such as this one, seeking injunctive relief.**

Schein attempts to evade the plain language of the exclusion in the Pelton & Crane agreement by misrepresenting the language of the exclusion, Archer Dental's arguments, and the facts alleged in the Complaint.  The Pelton & Crane arbitration provision expressly excludes "actions seeking injunctive relief." Manufacturer Defs.' Mot., Ex. A, ¶ 12.8.  "Where the parties to an arbitration agreement specifically have excepted a certain type of claim from mandatory

---

[1] Archer Dental hereby incorporates by reference the arguments made in its sur-reply in opposition to the motion to compel arbitration filed by Defendants Danaher Corporation, Instrumentarium Dental Inc., Dental Equipment LLC, Kavo Dental Technologies, LLC, and Dental Imaging Technologies Corporation (collectively, "Manufacturer Defendants").

1

arbitration, it is the duty of courts to enforce not only the full breadth of the arbitration clause, but its limitations as well." *State of N.Y. v. Oneida Indian Nation of New York*, 90 F.3d 58, 62 (2d Cir. 1996). Despite Schein's mischaracterization of the facts and arguments, the plain language of the limitation in the arbitration clause it seeks to invoke excludes this action, and that limitation must be enforced.

1. <u>This action is subject to the exclusion because it is an adequately pled action seeking injunctive relief.</u>

In an attempt to distract the Court from the plain language of the exclusion, Schein claims that Archer Dental failed to plead a "cause of action" for an injunction. Reply at 9. The arbitration clause in question, however, does not exempt "causes of actions" for injunctive relief, it exempts "actions seeking injunctive relief." Manufacturer Defs.' Mot., Ex. A, ¶ 12.8. This lawsuit is clearly an "action." *See* ACTION, Black's Law Dictionary (9th ed. 2009) ("A civil or criminal judicial proceeding"). In this action, Archer Dental is seeking injunctive relief, among other remedies. The exclusion requires no more.

Archer Dental has more than adequately pled its requests for injunctive relief. Archer Dental has alleged claims under Section 16 of the Clayton Act, 15 U.S.C. § 26, and the Texas Free Enterprise and Antitrust Act, TEX. BUS. & COM CODE, § 15.21(b), both of which explicitly provide for suits seeking injunctive relief.[2] Archer Dental has alleged an ongoing price-fixing conspiracy and illegal boycott which are currently causing harm to Archer Dental. Contrary to Schein's suggestion that Archer Dental's injuries relate solely to an injury that occurred on or about March 2008 (Reply at 8-9), the Manufacturer Defendants, in furtherance of the conspiracy with Schein, continue to threaten Archer Dental that if it offers better prices to a dentist than

---

[2] Such claims are not mere "boilerplate." Under federal and Texas antitrust law, injunctive relief is more than an ancillary claim to a lawsuit for damages. A lawsuit seeking only injunctive relief for an antitrust violation may be filed and an injunction can be granted against "threatened loss or damage." 15 U.S.C. § 26; *see also* TEX. BUS. & COM. CODE, § 15.21(b).

Schein's prices, Archer Dental will be unable to sell Danaher equipment.  Compl. ¶ 52.  Archer

Dental seeks injunctive relief against a current ongoing conspiracy.  Archer Dental does not need

to prove its entitlement to injunctive relief at this stage; all that is required of the claim for

injunctive relief are enough facts to render the claim "plausible on its face."  *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 570 (2007).  Archer Dental has done so.  The fact that Archer Dental

also seeks damages in addition to injunctive relief in this action is irrelevant, since the plain

language of the arbitration agreement exempts "<u>actions</u> seeking injunctive relief," (emphasis

added) rather than just "causes of action" for injunctive relief as Schein wishes it did.

       2.      <u>Even without the exclusion, this action is outside the scope of the arbitration provision.</u>

Schein misrepresents the facts alleged in the Complaint and Archer Dental's arguments in

its opposition in order to claim that this dispute falls within the scope of the agreement.  Schein

characterizes Archer Dental's claims a seeking only "relief [] for damages resulting from the

termination or restriction of the [Pelton & Crane] Dealer Agreement."  Reply at 8.  To support

this assertion, Schein uses the same sleight-of-hand as the Manufacturer Defendants, referring to

the agreement as one between Archer Dental and Danaher.  *See* Reply at 6 ("Plaintiff has

alleged… concerted conduct among signatory (Danaher) and non-signatory (Schein)

defendants").  Schein also claims that Archer Dental could point only to Schein, Company X,

and the Manufacturer Defendants' price-fixing conspiracy as allegations that were unconnected

to the Pelton & Crane Agreement.  None of these statements is true or accurate.

The Pelton & Crane Dealer Agreement is between Archer Dental and Pelton & Crane,

which is just one of the many Manufacturer Defendants.  The contract is not with Schein (a

competitor, not a manufacturer), Danaher, Instrumentarium, Dental Equipment LLC, KaVo or

Dental Imaging Technologies.   The contract makes no reference to parents, subsidiaries,

predecessors, successors, or affiliate entities.  There is no specific mention of the Pelton & Crane contract or any rights under it in the Complaint.

Schein also completely ignores the fact that Archer Dental has made substantive allegations against the other Manufacturer Defendants, such as Instrumentarium, with whom the Manufacturer Defendants have tacitly admitted there is no arbitration agreement.  *See* Compl. ¶¶ 46-52; Manufacturer Defs.' Reply at 8.  Archer Dental has made specific allegations linking harm suffered by Archer Dental to Schein's conspiracy with Instrumentarium.  *See, e.g.* Compl. ¶ 50 ("In March of 2009, at Schein's behest this time, Archer Dental was again prohibited by Instrumentarium from making a sale to a dentist in California.").

Archer Dental's allegations and the dispute among the parties arise out of the antitrust conspiracy between Schein and Company X, which was later joined by the Manufacturer Defendants.  Specifically, Archer Dental has pled that Schein took part in an illegal boycott of Archer Dental.  *See* Compl. ¶ 57 ("Elimination, by joint collaborative action, of discounters from access to the market is a *per se* violation of the Sherman Act."); s*ee also* Compl. ¶¶ 29-33.  The allegations relating to Defendants' price fixing are significant because they demonstrate the Defendants' motivation for participating in this boycott, but it is the boycott that forms the basis for the claims against Schein.  This dispute does not arise out of or depend upon the Pelton & Crane Agreement.

**B.**     **Conspirators are not deemed agents of their co-conspirators for purposes of allowing them to benefit from their co-conspirators' arbitration contracts.**

Schein does not dispute Archer Dental's showing that Schein cannot claim the benefit of its co-conspirators' agreements based on cases where the agency relationship is imputed under the rules of evidence against a co-conspirator for the purposes of determining the admissibility of testimony.   Reply at 6-7.  Instead, Schein mischaracterizes Archer Dental's arguments.  Archer Dental never claimed it was "bizarre" that an agent could, under certain circumstances, invoke

4

his principal's arbitration clause.  Archer Dental correctly pointed out that there is no state or federal law indicating that a co-conspirator can benefit from its conspiracy by being deemed an agent of its co-conspirators.  Schein still has not shown any authority for its claims that it can benefit in this fashion.  It is this unsupported contention that is bizarre.

**C.      Schein ignores the fact that equitable estoppel only applies in rare circumstances, which are not present here.**

In response to Archer Dental's showing that Schein does not qualify for the rare circumstances where equitable estoppel would allow it to benefit from Pelton & Crane's arbitration clause, Schein makes a number of arguments that are inconsistent with the law and the facts of the case.

Schein's first argument, that Archer Dental "necessarily relies on the [Pelton & Crane] Dealer Agreement," is not supported by the facts.  As discussed above, Archer Dental has pled that Schein was a key player in an illegal boycott designed to prevent Archer Dental from competing in the dental equipment distribution business.  *See* Section II.A.2, *supra.*  This claim may presume the existence of dealer agreements with manufacturers such as Instrumentarium, Pelton & Crane, and others, but it does not depend on the Pelton & Crane Agreement.  Equitable estoppel requires much more.  *Palmer Ventures LLC v. Deutsche Bank* AG, 254 F. App'x 426, 431-32 (5th Cir. 2007) (Equitable estoppel did not apply where the agreement 'may play a role in the ultimate outcome of this suit, [but] is not part of [p]laintiffs' causes of action' since plaintiffs were not seeking to use the agreement to hold the non-signatory liable").

Schein does not attempt to counter Archer Dental's showing that applying estoppel in these circumstances would be inequitable.  Instead Schein argues that the Court cannot consider the allegations in the Complaint because those allegations have not been proven.  Reply at 6. Schein asks the Court to rely on the allegations of conspiracy as a grounds for equitable estoppel, but would forbid the Court to rely on those same allegations in determining whether estoppel

would be equitable.  This is absurd.  Archer Dental does not need to prove its allegations at this stage; instead, the Court must accept those allegations as true for these purposes.  *See Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, No. 4:11-CV-3218, 2012 WL 1494340 at *10 n.2 (S.D. Tex. Apr. 27, 2012).  Schein cannot ask the Court to apply an equitable doctrine, and then claim that the Court is forbidden to consider the equity of that request.

Schein is incorrect that considering the equities of equitable estoppel would "render the second strand of equitable estoppel, which requires concerted and intertwined conduct between multiple parties, a nullity."  There are circumstances in which joint tortfeasors' actions are alleged to be intertwined, but the concerted nature of the actions is not in itself wrongful.  The circumstances in which it is equitable to apply this test may not be common, but the *Grigson* exception to the general rule that arbitration agreements can only be enforced by a signatory applies in "rare circumstances."  *Westmoreland v. Sadoux,* 299 F.3d 462, 465 (5th Cir. 2002); *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 358 (5th Cir. 2003).  These rare and limited circumstances in which equitable estoppel can apply are not present here.

## III.   CONCLUSION

For the reasons detailed here and in its Opposition Brief, Plaintiff Archer Dental requests that the Court deny Schein's motion to compel arbitration.

DATED:  November 5, 2012.

Respectfully submitted,

*/s/ Jerry L.  Beane*

Jerry L. Beane
State Bar No.  01966000
jerrybeane@andrewskurth.com
Kay Lynn Brumbaugh
State Bar No.  00785152
kaylynnbrumbaugh@andrewskurth.com
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
214.659.4400 Telephone
214.659.4401 Facsimile

**ATTORNEYS FOR PLAINTIFF
ARCHER AND WHITE SALES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify on this 5th day of November, 2012, that a copy of the foregoing *Plaintiff Archer and White Sales, Inc.'s Sur-Reply in Opposition to Defendant Henry Schein, Inc.'s Motion to Compel Arbitration and to Stay All Proceedings* was filed and served by operation of the electronic filing system of the U.S. District Court for the Eastern District of Texas upon all counsel of record who have consented to receive notice of filings in this matter.

Layne E. Kruse
Fulbright and Jaworski LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095

Steven R. Kuney
Jonathan B. Pitt
James H. Weingarten
Williams & Connolly, LLP
725 Twelfth Street NW
Washington, DC  20005

*Attorneys for Defendants Danaher Corporation, Instrumentarium Dental, Inc., Dental Equipment LLC, KaVo Dental Technologies, LLC and Dental Imaging Technologies Corporation*

Paul F. Schuster
Michael V. Powell
Locke Lord LLP
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Helene D. Jaffe
Alan R. Kusinitz
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036-8299

*Attorneys for Defendant Henry Schein, Inc.*

*/s/ Jerry L.  Beane*

Jerry L. Beane

7