**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ARCHER AND WHITE SALES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO.: |
| HENRY SCHEIN, INC., DANAHER | § | 2:12-CV-00572-JRG-RSP |
| CORPORATION, INSTRUMENTARIUM | § | |
| DENTAL INC., DENTAL EQUIPMENT | § | JURY |
| LLC, KAVO DENTAL TECHNOLOGIES, | § | |
| LLC AND DENTAL IMAGING | § | |
| TECHNOLOGIES CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**JOINT STATUS REPORT**

Plaintiff Archer and White Sales, Inc., Defendant Henry Schein, Inc. and Defendants

Danaher Corporation, Instrumentarium Dental, Inc., Dental Equipment LLC, KaVo Dental

Technologies, LLC and Dental Imaging Technologies Corporation (collectively, the

"Manufacturer Defendants") submit this Joint Status Report pursuant to the Court's Order

Requiring Status and Scheduling Conference and Rule 26(f) of the Federal Rules of Civil

Procedure.[1]

---

[1] The parties agree that their conference, the positions taken during any such conference, and the positions expressed herein are without prejudice to Defendants' objection to commencing discovery and Defendants' position that this matter is subject to arbitration as discussed more fully in Manufacturing Defendants' Motion To Compel Arbitration and Stay All Proceedings, Dkt. No. 10, and Defendant Henry Schein, Inc.'s Motion To Compel Plaintiff to Arbitrate and To Stay All Proceedings, Dkt. No. 14 (collectively, the "Motions To Compel Arbitration").

## PRELIMINARY STATEMENTS REGARDING PENDING MOTIONS

Plaintiff's Statement

Pending before the Court are Defendants' motions to compel arbitration and to stay this action.  Plaintiff opposes those motions and believes they are without merit.  Plaintiff does not agree that a stay of the entire action pending a ruling on the motions to compel is warranted.  Plaintiff wants to commence discovery following the scheduling conference.

Defendants' Statement

Defendants are mindful that the Court ordered the parties to meet and confer, and to submit a joint report pursuant to Federal Rule of Civil Procedure 26(f).  Thus, counsel for Defendants met and conferred with counsel for Plaintiff in good faith, subject to and without waiving their objections to commencing discovery and without waiving their rights to arbitration.  In light of Plaintiff's contractual obligation to file any action before an arbitral panel in Charlotte, North Carolina, and as discussed more fully in the Motions To Compel Arbitration, Defendants respectfully submit that discovery should not take place in this forum, and pursuant to the Federal Arbitration Act, 9 U.S.C. § 3, this Court should stay the litigation pending resolution of the contractually required arbitration.  The merits of this dispute, as well as the schedule for, extent of, and limitations upon, discovery, are matters for the arbitral panel to resolve.  Accordingly, discovery should be stayed during the pendency of those Motions and, in the event the Court denies either Motion in part or in whole, during the pendency of any interlocutory appeals, *see* 9 U.S.C. § 16.  Defendants reserve their right to revise and amend their position stated herein once the Court has ruled on the pending Motions To Compel Arbitration, and Defendants reserve their right to take different positions on the schedule for, extent of, and limitations upon, discovery if this matter proceeds to arbitration.

## RULE 26(f) ISSUES

The parties' positions on the specific Rule 26(f) topics are as follows:

**A.     Changes to Timing, Form or Requirement for Disclosures under Rule 26(a)**

Plaintiff's Position

As explained above, Plaintiff believes discovery should commence promptly after the scheduling conference.  Plaintiff proposes the exchange of initial disclosures, including hard-copy documents and electronically stored information which can reasonably be produced, within 60 days after the scheduling conference.  To the extent Defendants are unable in good faith to complete production of all electronic discovery within 60 days,  production of such information can occur on a mutually agreeable rolling basis and schedule.  Plaintiff is amenable to conferring with Defendants regarding electronic discovery matters and exchanging Requests for Production with Defendants as proposed below in an effort to provide further clarification and specification with respect to electronic discovery.

Defendants' Position

For the reasons stated above, Defendants' position is that initial disclosures should not be made while the Defendants' Motions To Compel Arbitration remain pending.  Accordingly, Defendants object to providing initial disclosures in this matter given the parties' agreements to arbitrate and the pending Motions To Compel Arbitration.  *See* Fed. R. Civ. P. 26(a)(1)(C).  In the alternative, subject to and without waiving their objections to commencing discovery, and without waiving their rights to arbitration, Defendants respectfully submit that if the Motions To Compel are denied in their entirety and such judgment is affirmed on appeal, initial disclosures should be due 60 days after the issuance of the mandate from the appellate court.

In addition, consistent with the Court's Model Order Regarding E-Discovery in Patent Cases (the "Model E-Discovery Order") (as modified—*see* Section C), and given the likely

impracticability of producing all e-mail required to be produced as part of the parties' initial disclosures within 60 days, Defendants propose modifying the initial disclosure requirements so that the parties are not required to produce e-mail as part of their initial disclosures.  The parties should request e-mail via Requests for Production after initial disclosures are served and the parties have met and conferred regarding e-discovery issues (and thus will have had the opportunity to learn about the various email systems at issue and to discuss ways to minimize unnecessary burden).  In the alternative, the initial disclosure requirements should be modified so that Defendants may produce e-mail on a rolling basis.

### B.    Subjects on which Discovery May Be Needed & Timing Issues

The parties agree that discovery will be needed on the merits of and factual allegations underlying Plaintiff's claims, alleged damages, and Defendants' defenses.  The parties disagree regarding the schedule for discovery.

Plaintiff's Position

As explained above, the parties are unable to agree on whether the dates in the docket control order should be keyed off the scheduling conference date (Plaintiff's position) or the Court's ruling on the motions to compel arbitration and the exhaustion of any appeal rights associated with the denial of such motions (Defendants' position).  Below is Plaintiff's proposed Docket Control Order, the dates of which are keyed off the scheduling conference date:

| | |
|---|---|
| April 21, 2014 | Jury Selection - 9:00 a.m. in Marshall, Texas |
| April 11, 2014 | Final Pretrial Conference - 9:00 a.m. in Marshall, Texas |
| March 31, 2014 | Joint Final Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict *(or Proposed Findings of Fact and Conclusions of Law in non-jury cases),* and Motions in Limine |
| March 21, 2014 | Motions in *Limine* due<br>The parties are ordered to meet and confer on their respective motions *in limine* and advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before the pretrial conference.  The parties |

|  | shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |
|---|---|
| March 21, 2014 | Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| March 21, 2014 | Pretrial Objections are due |
| March 7, 2014 | Pretrial Disclosures are due |
| March 12, 2014 | Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56. |
| February 19, 2014 | Deadline For Filing Dispositive Motions and any other motions that may require a hearing; including *Daubert* motions. |
| February 10, 2014 | Expert Discovery Deadline |
| January 17, 2014 | Deadline to File Motions to Compel Regarding Discovery Disputes. |
| January 17, 2014 | Fact Discovery Deadline |
| March 14, 2014 | Defendant to Identify Trial Witnesses |
| March 7, 2014 | Plaintiff to Identify Trial Witnesses |
| January 31, 2014 | Defendant to Answer Amended Pleadings |
| January 17, 2014 | Amend Pleadings |
| January 31, 2014 | Mediation to be completed |
| January 10, 2014 | Rebuttal Expert Reports of All Parties |
| December 23, 2013 | Defendant to Designate Expert Witnesses Expert witness report due |
| November 25, 2013 | Plaintiff to Designate Expert Witnesses Expert witness report due |

| December 17, 2013 | Privilege Logs to be exchanged by parties |
|---|---|
| | (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |

| November 14, 2013 | Join Additional Parties |
|---|---|

<u>Defendants' Position</u>

Defendants respectfully submit that Plaintiff's proposed Docket Control Order is premature at this time.  The content of any such order will depend on the Court's ruling on the pending Motions To Compel Arbitration.  However, in the alternative, subject to and without waiving their objections to commencing discovery, and without waiving their rights to arbitration, Defendants respectfully submit that the following proposed schedule could be appropriate.  All events in the proposed schedule below are framed with reference to the date on which, following any appeals, a mandate issues affirming a judgment denying the Motions To Compel Arbitration, and are proposed only in the alternative in the event those Motions are denied in their entirety and all appellate rights are exhausted.

- Close of Fact Discovery – 10 months after appellate mandate issues
- Expert Reports Served – 60 days after close of fact discovery
- Rebuttal Expert Reports Served – 45 days after expert reports served
- Close of Expert Discovery – 30 days after rebuttal expert reports served
- Dispositive Motions – 30 days after close of expert discovery
- Oppositions to Dispositive Motions – 30 days after filing of dispositive motions

Defendants respectfully submit that it is premature at this time to set a trial date while the Motions To Compel Arbitration are pending.  However, Defendants believe that in the event the Motions To Compel were denied in their entirety, such judgment were affirmed on appeal, and a mandate were to issue from the appellate court, a trial date approximately 17 to 20 months after the appellate mandate issues would be reasonable.

**JOINT STATUS REPORT - Page 6**
DAL:853544.6

**C.      Issues regarding Disclosure or Discovery of Electronically Stored Information**

The parties are discussing the application of the Model E-Discovery Order to this case.

Counsel for Plaintiff suggested during the parties' meet and confer that the Model E-Discovery

Order could be adapted for use in this case.   Defendants expect that they may incur substantial

costs in collecting and producing ESI, including e-mail, in this action and agree that certain

provisions of the Model E-Discovery Order may be appropriate for this matter.   Subject to and

without waiving their objections to commencing discovery, and without waiving their rights to

arbitration, Defendants believe that this case would benefit from entry of an order based on the

Model E-Discovery Order, and Plaintiff is in agreement.   The parties propose that they  jointly

submit any proposed modifications to the Model E-Discovery Order.   The parties disagree as to

the timing of such joint submission.   Plaintiff proposes to make the joint submission within 30

days after the scheduling conference; and Defendants propose to make the joint submission

within 30 days after the appellate mandate issues.

**D.      Privileged information or production of trial-preparation material**

Plaintiff's Position

Plaintiff has suggested dates in its proposed docket control order by which privilege logs

are to be exchanged.   Plaintiff agrees with Defendants that the parties will be able to reach

agreement upon a procedure for the protection of privileged information and work product,

including provisions addressing inadvertent production of such material prior to production of

documents in this matter.

Defendants' Position

Subject to and without waiving their objections to commencing discovery, and without

waiving their rights to arbitration, Defendants anticipate that should this matter proceed in

Federal Court, the parties would agree upon a procedure for the protection of privileged

information and work product, including provisions addressing inadvertent production of such material prior to production of documents in this matter.

### E.    Changes in Limitations on Discovery

<u>Plaintiff's Position</u>

Given the nature and complexity of this antitrust case, the number of parties, and the length of the relevant time frame, Plaintiff has proposed additional hours of deposition time in order that the parties may more fully develop their claims and defenses. Specifically, and in addition to the Local Rules' provision for the depositions of the parties, depositions on written questions of custodians of business records for third parties and depositions of two expert witnesses per side, Plaintiff proposes that (1) the two Defendant groups, i.e., Henry Schein, Inc. on the one hand, and the remaining Defendants, all of which are affiliates of Danaher Corporation, on the other, be allowed up to 40 hours of deposition time per Defendant group, and (2) Plaintiff be allowed up to 60 hours of deposition time. Regarding the 30(b)(6) depositions, the "Manufacturer Defendant" companies were previously separate companies, not all affiliated with Defendant Danaher, during relevant time periods. Restricting Plaintiff to a single 30(b)(6) deposition witness to testify about five different manufacturing companies with different practices, different products and different products during portions of the relevant time period will preclude Plaintiff from obtaining adequate discovery.

<u>Defendants' Position</u>

Defendants' position is that no such orders changing the limitations on discovery need be entered at this time for the reasons previously stated. In the alternative, subject to and without waiving their objections to commencing discovery, and without waiving their rights to arbitration, Defendants agree with Plaintiff's position generally, but differ as to the specifics. Accordingly, Defendants propose that in addition to the Local Rules' provision for the

depositions of the parties, depositions on written questions of custodians of business records for third parties and depositions of two expert witnesses per side, (1) the two Defendant groups, i.e., Henry Schein, Inc. on the one hand, and the remaining Defendants, all of which are affiliates of Danaher Corporation,[2] on the other, be allowed up to 30 hours of deposition time per Defendant group, and (2) Plaintiff be allowed up to 45 hours of deposition time, provided that Plaintiff will not require each of the Manufacturer Defendants to submit to a separate party deposition. Rather, the Manufacturer Defendants propose that Plaintiff should serve one list of 30(b)(6) topics for the Manufacturer Defendants, and the Manufacturer Defendants will make available a witness (or witnesses, if necessary) to testify, to the extent required by the Rules, as to the noticed topics on behalf of all (or, as the case may be, each) of the Manufacturer Defendants.  If, despite diligent efforts, Plaintiff is unable to complete its questioning within the seven hours allowed by the Federal Rules, the Manufacturer Defendants will agree to a reasonable extension of time for this 30(b)(6) deposition without the need for intervention by the Court.  But the Manufacturer Defendants do not believe it is efficient or practicable to schedule five separate events for the five Danaher affiliates Plaintiffs have sued, particularly given that: (1) Plaintiff makes no substantive allegations regarding three of the five Danaher entities it sued; (2) most 30(b)(6) topics are likely to overlap across entities, (3) a single individual may be able to serve as the corporate representative for several or all of the Danaher entities, and (4) holding five separate 30(b)(6) depositions would necessarily require an individual or subset of individuals to

---

[2] All but one of the Manufacturer Defendants was already an affiliate of Danaher Corporation by the time the conspiracy alleged by Plaintiff supposedly began.  Compl. ¶ 21.  Plaintiff includes no substantive allegations of conduct by any of the five Danaher entities it sued, other than Instrumentarium and Dental Equipment LLC d/b/a/ Pelton & Crane.

appear for deposition multiple times, resulting in considerable disruption to Defendants' business.[3]

Defendants take these positions without prejudice to any position they may take on the scope of appropriate discovery in another forum should any of the claims in this action be referred to arbitration.

**F.      Other orders that should be entered by the Court**

Pursuant to Rule 26(c), at the appropriate time, and subject to the reservations of rights previously stated herein, the parties expect to request the entry of an Agreed Protective Order to protect information which is confidential, competitively sensitive and/or proprietary.  At the appropriate time, the parties will confer regarding an appropriate order.

DATED:  February 20, 2013.

Respectfully submitted,

_   /s/ Jerry L. Beane_____

Jerry L. Beane
State Bar No. 01966000
jerrybeane@andrewskurth.com
Kay Lynn Brumbaugh
State Bar No. 00785152
kaylynnbrumbaugh@andrewskurth.com
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, TX  75201
214.659.4400 Telephone
214.659.4401 Facsimile

**ATTORNEYS FOR PLAINTIFF
ARCHER AND WHITE SALES, INC.**

---

[3] Each Defendant group also reserves the right to take one 30(b)(6) deposition of the other Defendant group.

_/s/ Layne E. Kruse_ _(with permission)_
Layne E. Kruse
State Bar No. 11742550
lkruse@fulbright.com
Lauren Miller Etlinger
State Bar No. 24065755
letlinger@fulbright.com
FULBRIGHT & JAWORSKI LLP
Fulbright Tower
1301 McKinney Avenue, Suite 5100
Houston, TX  77010-3095
713.651.5194 Telephone
713.651.5246 Facsimile

_/s/ Jonathan B. Pitt_ _(with permission)_
Steven R. Kuney (admitted _pro hac vice_)
skuney@wc.com
Jonathan B. Pitt (admitted _pro hac vice_)
jpitt@wc.com
James H. Weingarten (admitted _pro hac vice_)
jweingarten@wc.com
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street NW
Washington, DC  20005
202.434.5000 Telephone
202.434.5029 Facsimile

**ATTORNEYS FOR DEFENDANTS DANAHER CORPORATION, INSTRUMENTARIUM DENTAL, INC., DENTAL EQUIPMENT LLC, KAVO DENTAL TECHNOLOGIES, LLC AND DENTAL IMAGING TECHNOLOGIES CORPORATION**

_/s/Paul F. Schuster_ _(with permission)_
Paul F. Schuster
State Bar No. 00784931
pschuster@lockelord.com
Michael V. Powell
State Bar No. 16204400
mpowell@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776
214.740.8000 Telephone
214.740.8800 Facsimile

_/s/ Alan R. Kusinitz_ _(with permission)_
Helene D. Jaffe (admitted _pro hac vice_)
hjaffe@proskauer.com
Alan R. Kusinitz (admitted _pro hac vice_)
akusinitz@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036-8299
212.969.3000 Telephone
212.969.2900 Facsimile

**ATTORNEYS FOR DEFENDANT HENRY SCHEIN, INC.**

## CERTIFICATE OF SERVICE

I hereby certify on this 20th day of February, 2013, that a copy of the foregoing *Joint Status Report* was filed and served by operation of the electronic filing system of the U.S. District Court for the Eastern District of Texas upon all counsel of record who have consented to receive notice of filings in this matter.

Layne E. Kruse
Fulbright and Jaworski LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095

Steven R. Kuney
Jonathan B. Pitt
James H. Weingarten
Williams & Connolly, LLP
725 Twelfth Street NW
Washington, DC  20005

*Attorneys for Defendants Danaher Corporation,
Instrumentarium Dental, Inc., Dental Equipment
LLC, KaVo Dental Technologies, LLC and Dental
Imaging Technologies Corporation*

Paul F. Schuster
Michael V. Powell
Locke Lord LLP
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776

Helene D. Jaffe
Alan R. Kusinitz
Proskauer Rose LLP
Eleven Times Square
New York, NY  10036-8299

*Attorneys for Defendant Henry Schein, Inc.*

      */s/ Jerry L. Beane*
Jerry L. Beane