# EXHIBIT A

```
 1            IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF TEXAS
 2                     MARSHALL DIVISION

 3  ARCHER AND WHITE SALES,   )
    INC.                      )
 4                            )
    vs.                       ) CASE NO. 2:12-CV-572-JRG-RSP
 5                            )
    HENRY SCHEIN, INC., ET AL )
 6

 7

 8

            *******************************
 9                SCHEDULING CONFERENCE
                   FEBRUARY 27, 2013
10          *******************************

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

SCHEDULING CONFERENCE

```
 1                    A P P E A R A N C E S
 2    FOR THE PLAINTIFF:
 3          MS. KAY LYNN BRUMBAUGH
            MR. JERRY LYNN BEANE
 4          ANDREWS & KURTH
            1717 Main Street, Suite 3700
 5          Dallas, Texas   75601
 6
 7    FOR THE DEFENDANT HENRY SCHEIN, INC.:
 8          MS. HELENE DEBRA JAFFE
            PROSKAUER
 9          Eleven Times Square
            New York, New York   10036-8299
10
11          MR. PAUL F. SCHUSTER
            LOCKE LORD
12          2200 Ross Avenue, Suite 2200
            Dallas, Texas   75201
13
14
15    FOR THE MANUFACTURER DEFENDANTS DANAHER:
16          MR. JONATHAN B. PITT
            MR. STEVEN R. KUNEY
17          WILLIAMS & CONNOLLY
            725 Twelfth Street, N.W.
18          Washington, D.C.   20005
19
20          MR. LAYNE KRUSE
            FULBRIGHT & JAWORSKI
21          1301 McKinney, Suite 5100
            Houston, Texas   77010-3095
22
23
24
25
```

SCHEDULING CONFERENCE

1                    INDEX
2                                                    PAGE
3    Appearances                                      2
4    Index                                            3
5    Proceedings                                      4
6    Reporter's Certification                        62

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1  appropriate and common and specifically provided for by
2  both Federal Antitrust Law and the Texas Free Enterprise
3  and Antitrust Act.
4            And just to be clear, Your Honor, what --
5  what we have sought, contrary to the arguments of
6  counsel for the Defendants, is not just a permanent
7  injunction at the end of the day; but in our prayer for
8  relief, we expressly also request preliminary
9  injunction -- or preliminary injunctive relief.
10           And we have pled, Your Honor, in
11 Paragraph 52 of our complaint about some of the ongoing
12 anticompetitive conduct that is occurring, and we
13 continue to hear reports from our client to this day of
14 conduct that is occurring.
15           So it is not a boilerplate claim.  It is
16 not just a throw in to try to avoid arbitration.  It is
17 a critical part of our lawsuit.
18           JUDGE PAYNE:  Have you done anything
19 toward the filing of a Motion for Preliminary
20 Injunction?
21           MS. BRUMBAUGH:  We have not filed one at
22 this point, Your Honor.
23           JUDGE PAYNE:  Do you intend to do so?
24           MS. BRUMBAUGH:  We have not made that
25 determination yet, Your Honor.  I mean, obviously there

```
 1  is some discovery that we would like to take.
 2              But whether we do or not, Your Honor, our
 3  view is that the exception is clear on its face.  It
 4  excepts actions seeking injunctive relief.  It doesn't
 5  except actions just seeking permanent injunctive relief
 6  or actions just seeking, you know, primarily injunctive
 7  relief.  That -- that would require a rewriting of the
 8  clause.
 9              JUDGE PAYNE:  Was your client aware of
10  this arbitration clause at the time that this suit was
11  filed?
12              In other words, was this suit drafted in
13  contemplation of this arbitration clause?
14              MS. BRUMBAUGH:  Drafted in contemplation
15  of the clause?
16              JUDGE PAYNE:  Uh-huh (affirmative.)
17              MS. BRUMBAUGH:  You know, we -- we
18  drafted it seeking all the relief that we thought was
19  appropriate, Your Honor.
20              And it certainly happens that part of the
21  relief that we believe is appropriate and the nature of
22  this action is one that takes it out of the arbitration
23  provision.
24              We believe that our client is entitled to
25  have a jury hear this action that seeks injunctive
```

SCHEDULING CONFERENCE

1   JUDGE PAYNE: All right. Thank you,
2  Mr. Pitt.
3   MR. PITT: Thank you, Your Honor.
4   JUDGE PAYNE: Does the Plaintiff want to
5  respond on the issue of equitable estoppel?
6   MS. BRUMBAUGH: Yes. Your Honor, just a
7  few points; and, first, I can provide the Court with the
8  Delaware cite. It's 906A2d76, and that's Delaware
9  Supreme Court 2006.
10   JUDGE PAYNE: Okay. Thank you.
11   MS. BRUMBAUGH: Just a few points, Your
12  Honor.
13   Obviously, first of all, if the Court
14  finds, as we believe that the Court should, that the
15  exclusion applies here and this action seeking
16  injunctive relief is excepted from the arbitration
17  provision, then the Court doesn't even need to address
18  this issue of whether non-signatories get to take
19  advantage of the doctrine of equitable estoppel, which
20  is discretionary, a discretionary call by the Court as
21  to whether equitable estoppel applies or not.
22   JUDGE PAYNE: And what would you contend
23  the cases tell us about under what circumstances we
24  should exercise that discretion?
25   MS. BRUMBAUGH: Well, I -- we don't

disagree that Grigson is sort of the key case that lays out what the test is.

I've found it amusing, Your Honor, just a little East Texas aside, that that case related to the return of the Texas Chainsaw Massacre movie and Longview native Matthew McConaughey, but I think that was probably a terrible movie.

JUDGE PAYNE: Can I take judicial notice of that?

MS. BRUMBAUGH: I didn't actually see it, but what -- what we glean from the cases, Your Honor, is that there's -- there's one branch of equitable estoppel where a Plaintiff is seeking to use the agreement itself to hold non-signatories liable.

That's not what's going on here. I mean, the antitrust conspiracy at issue in this lawsuit didn't arrive out of the 2007 Pelton & Crane agreement. It began with an unlawful agreement between Defendant Shein and Company X.

There is no agreement contained in an arbitration clause or anything else between the Plaintiff and these competing distributors, and then the manufacturer Defendants joined in that conspiracy.

The other type of equitable estoppel, this intertwined conduct prong, if you read the facts of

SCHEDULING CONFERENCE

```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF TEXAS
                           MARSHALL DIVISION

ARCHER AND WHITE SALES,   )
INC.                      )
                          )
vs.                       ) CASE NO. 2:12-CV-572-JRG-RSP
                          )
HENRY SCHEIN, INC., ET AL )


                     REPORTER'S CERTIFICATION
                        February 27, 2013


        I, TAMMY L. GOOLSBY, Certified Shorthand
Reporter in and for the State of Texas, do hereby
certify that the above and foregoing contains a true
and correct transcription of all portions of evidence
and other proceedings requested by counsel for the
parties to be included in this volume of the
Reporter's Record, in the above-styled and numbered
cause, all of which occurred in open court or in
chambers and were reported by me.
        WITNESS MY OFFICIAL HAND this the 28th day
of March, 2013.


                        _____
                        TAMMY L. GOOLSBY, Texas CSR 3101
                        Sunbelt Reporting & Litigation
                        (903) 593-3213


Job No. 107898
```