IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ARCHER AND WHITE SALES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HENRY SCHEIN, INC., DANAHER | )   CIVIL ACTION NO. 2:12-cv-00572 |
| CORPORATION, INSTRUMENTARIUM | ) |
| DENTAL INC., DENTAL EQUIPMENT | ) |
| LLC, KAVO DENTAL TECHNOLOGIES, | ) |
| LLC AND DENTAL IMAGING | ) |
| TECHNOLOGIES CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**MANUFACTURER DEFENDANTS' SUR-REPLY IN
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF
<u>MAGISTRATE JUDGE'S MAY 28, 2013 MEMORANDUM ORDER (DKT. # 44)</u>**

## **TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT ...................................................................................................................1

    A. Plaintiff's Argument that the Court May Decide Arbitrability Is Contrary to the Fifth Circuit's Holding in *Petrofac*. ..............................................................1

    B. Even if Arbitrability Were for the Court To Decide, Arbitration Should Be Compelled. .........................................................................................................3

    C. Plaintiff Has Not Shown Judge Payne's Ruling on Equitable Estoppel Was Contrary to *Grigson*. ..........................................................................................3

III. CONCLUSION ................................................................................................................5

## Table of Authorities

### FEDERAL CASES

*Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992) ............................................ 3

*Brown v. Pac. Life Ins. Co.*, 462 F.3d 384 (5th Cir. 2006) ............................................................ 4

*Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524 (5th Cir. 2000) ................................ 2, 4

*Halliburton Energy Servs., Inc. v. BJ Servs. Co.*, No. 2:08-CV-475-TJW, 2010 WL
  2991031 (E.D. Tex. July 28, 2010) ............................................................................................ 2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ...................................... 4

*McCormack v. NCAA*, 845 F.2d 1338 (5th Cir. 1988) .................................................................... 4

*Petrofac, Inc. v. DynMcDermott Petrol. Ops., Co.*, 687 F.3d 671 (5th Cir. 2012) ..................... 1, 2

*Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026 (E.D. Tex. 1996) .............. 4

### STATE CASES

*Haddock v. Quinn*, 287 S.W.3d 158 (Tex. App. 2009) ................................................................... 2

*James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76 (Del. 2006) ......................................... 2

I.      INTRODUCTION

In its reply brief, Plaintiff again re-invents the law of the Fifth Circuit, arguing a new and unsupported standard of arbitrability and seeking to give Defendants the burden to "identify errors of legal reasoning" in the out-of-Circuit (and inapposite) case law Plaintiff urges on this Court.  Reply at 6.  But it is Plaintiff's burden to demonstrate Magistrate Judge Payne's ruling was clearly erroneous or contrary to law.  It cannot do so, for two primary reasons.  ***First***, the rule in the Fifth Circuit—on which Judge Payne relied and which Plaintiff *still* does not bother to cite—is that where parties adopt AAA rules, the arbitrator, not the Court, decides whether the dispute is arbitrable.  Plaintiff's new argument—that the AAA rule requiring the arbitrator to decide arbitrability only applies to disputes that fall within the scope of the clause—is circular, contrary to Fifth Circuit precedent, and unsupported even by the out-of-Circuit case law Plaintiff cites.  ***Second***, as the competitor of the dealers it claims fixed prices, Plaintiff lacks standing to sue on the basis of an alleged "price-fixing conspiracy," and therefore must (and in its Complaint expressly does) rely instead on the alleged termination of rights created by the Dealer Agreement (which contains the arbitration clause) to have standing to bring any claim at all, making this a textbook case for applying both prongs of the Fifth Circuit's *Grigson* test for equitable estoppel.

II.     ARGUMENT

        A.      **Plaintiff's Argument That the Court May Decide Arbitrability Is Contrary to the Fifth Circuit's Holding in *Petrofac*.**

Plaintiffs belittle Judge Payne's Order by claiming it merely reflects his "belief," and failing—yet again—to cite or even acknowledge the Fifth Circuit precedent upon which it was based: *Petrofac, Inc. v. DynMcDermott Petroleum Operations, Co.*, 687 F.3d 671 (5th Cir. 2012), which held "that the express adoption of the[ AAA] rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."  *Id*. at 675.  Instead, Plaintiff asserts

that the Fifth Circuit rule requiring an arbitrator (rather than the Court) to resolve arbitrability does not apply to disputes that are not arbitrable because they exceed the scope of the agreement.

Plaintiff's argument is not only circular—according to it, the Court would first decide whether this dispute is within the scope of the agreement (*i.e.*, whether it is arbitrable) and, if so, would then require the parties to arbitrate arbitrability—it cannot be squared with the law of this Circuit, which holds that where parties execute an arbitration agreement and expressly invoke the AAA rules, they are agreeing to have an arbitrator decide in the first instance whether the agreement to arbitrate covers the dispute at hand. The express adoption of the AAA rules ends the Court's inquiry. *Petrofac*, 687 F.3d at 675; *see also Halliburton Energy Servs., Inc. v. BJ Servs. Co.*, No. 2:08-CV-475-TJW, 2010 WL 2991031, at *3 (E.D. Tex. July 28, 2010) ("By applying the AAA rules to the arbitration, the . . . Agreement applies the rules to all aspects of the arbitration, including the threshold issue of jurisdiction.").

The Texas and Delaware state cases Plaintiff cites are inapposite. The agreement in *Haddock v. Quinn*, 287 S.W.3d 158 (Tex. App. 2009), unlike the one at issue here, incorporated a past version of the AAA Rules that did not include Rule 7(a), which assigns the issue of arbitrability to the arbitrators. *Id.* at 175; *see* Dkt. # 24 at 6. And in *James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76 (Del. 2006), the arbitration clause had a separate sentence that expressly entitled the parties to seek injunctive relief "in any court in the United States." *Id*. at 80. Here, the exception for injunctive relief is a parenthetical within the sentence providing for arbitration and incorporating the AAA rules. In any event, neither case can overrule *Petrofac*.[1]

---

[1] Plaintiff's argument that Archer did not agree to arbitrate arbitrability as to nonsignatories to the Dealer Agreement, Reply at 1-2, misunderstands the equitable estoppel doctrine, under which a signatory is prevented from denying the applicability of an arbitration agreement on the basis that a defendant is a non-signatory. *See Grigson*, 210 F.3d at 528. The applicability of equitable estoppel is a separate issue from the determination whether the dispute is arbitrable generally.

### B. Even if Arbitrability Were for the Court To Decide, Arbitration Should Be Compelled.

Plaintiff reiterates its assertion that it has defeated the arbitration clause by including a purported request for injunctive relief in its complaint, but never addresses the fact that its interpretation renders the arbitration clause effectively meaningless, in contravention of federal law favoring arbitration. Plaintiff's interpretation would allow it to flout the clause—and have a jury hear its damages claim—by including a boilerplate injunctive relief request. Plaintiff's response—identifying the number of paragraphs in its complaint and claiming it has alleged an antitrust conspiracy, Reply at 2-3—does nothing to address the fact that it has never even alleged the requisite elements for equitable relief that might support its two-sentence request for an injunction. And Plaintiff does not dispute that the exception it cites was intended to allow a party to seek injunctive relief in court, particularly where the dispute involves "trademarks, trade secrets or other intellectual property," or to seek an injunction in aid of arbitration or to enforce an arbitral award. Dkt. #46 at 7.[2]

### C. Plaintiff Has Not Shown Judge Payne's Ruling on Equitable Estoppel Was Contrary to *Grigson*.

Plaintiff claims it alleged "a price-fixing conspiracy," and that its complaint is therefore "an antitrust conspiracy action . . . not a 'dealer termination case,'" and on that basis says its claims do not depend on the Dealer Agreement it expressly alleges in its complaint. Reply at 3-5.[3] But Plaintiff only has standing to bring a lawsuit under the federal and Texas antitrust laws

---

[2] Nor does Plaintiff dispute that, even if its putative injunctive relief claim were not arbitrable, the rest of its claims would be, because "a stay is mandatory upon a showing that the opposing party has commenced suit upon any issue referable to arbitration under an agreement in writing for such arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (quotation omitted) (quoted in Dkt. #46 at 6 n.5).

[3] Plaintiff persists in claiming its Complaint alleges the Manufacturer Defendants participated in price-fixing. Reply at 5 n.11. To the contrary, its Complaint alleges price-fixing among its

3

to the extent it suffered injury-in-fact. *See, e.g., McCormack v. NCAA*, 845 F.2d 1338, 1341 (5th Cir. 1988) (cited in Dkt. # 24 at 2). And Plaintiff has no standing to bring a claim on the basis of an alleged conspiracy to fix prices in the distribution market in which it competes, because such a price-fixing conspiracy itself could not have injured Plaintiff as a matter of law. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584 n. 8 (1986); *Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1036 (E.D. Tex. 1996); Dkt. # 24, at 2; Dkt. #31, at 3-4; Dkt. #47, at 6 n.5. The only injuries Plaintiff alleges—and thus the only conceivable source of its standing—are the alleged restriction and termination of Pelton & Crane, Marus, and DCIE distribution rights that exist by dint of the Dealer Agreements that include the arbitration clause, and the restriction of Instrumentarium dealership rights pursuant to the same alleged "conspiracy." Compl. ¶¶ 32–33, 48–51. Judge Payne thus correctly ruled that Archer's claims "rely on" the Agreement and satisfy the first *Grigson* test. Order at 4; *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 527 (5th Cir. 2000).

Plaintiff identifies no basis for its claim that *Grigson*'s second prong—"allegations of substantially interdependent and concerted misconduct" among the signatory and nonsignatory defendants, 210 F.3d at 527—also requires the claims against nonsignatories to be "intertwined with the obligations imposed by the contract containing the arbitration clause," Reply at 6.[4] And even if such a requirement existed, it would easily be met here, because the only injuries that

---

competitors (none of whom is a Manufacturer Defendant), and a termination of its distribution rights by certain of the Manufacturer Defendants supposedly in furtherance thereof. Compl. ¶¶ 26, 30, 32; *compare* Reply at 5 n.11 *with id.* at 4 ("Here, in contrast, the **dealers** entered into a horizontal price fixing agreement." (emphasis added)). And while Plaintiff alleges that Danaher acquired other manufacturing companies, the Complaint does not and cannot allege those companies are horizontal competitors. *Compare* Reply at 5 n.11 *with* Compl. ¶ 21.

[4] Plaintiff misstates the holding of *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 398–99 (5th Cir. 2006). According to *Brown*—which, contrary to Plaintiff's assertion, Reply at 6, *affirmed* an order compelling arbitration—*Grigson*'s test was met when claims against a non-signatory depended "in some part" on tortious conduct of a signatory. That standard is clearly met here.

4

give Plaintiffs standing to bring any of its claims against any of the defendants rely directly on the terms of the Dealer Agreement. Nor does Plaintiff offer any response to the fact that, as many courts have recognized, equitable estoppel is especially appropriate where, as here, a plaintiff sues corporate affiliates of the signatory for the same course of conduct in which the signatory allegedly engaged. *See* Dkt. # 46 at 12 n.12 (citing cases).

## III. CONCLUSION

For all the foregoing reasons, as well as those discussed in the briefs of all Defendants in this Motion and the Motions To Compel Arbitration, Dkt. ## 10, 14, 24, 31, 46, 47, Plaintiff has failed to demonstrate Judge Payne's Order was "clearly erroneous" or "contrary to law." Its Motion for Reconsideration should be denied, and Plaintiff should be required to pursue its claims, if at all, in arbitration.

Dated: July 3, 2013

Respectfully submitted,

/s/ Layne E. Kruse
Layne E. Kruse (Bar No. 11742550)
FULBRIGHT AND JAWORSKI LLP
1301 McKinney, Suite 5100
Houston, TX 77010
Tel: (713) 651-5151
Fax: (713) 651-5246
lkruse@fulbright.com

Steven R. Kuney (pro hac vice)
Jonathan B. Pitt (pro hac vice)
James H. Weingarten (pro hac vice)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Counsel for Defendants Danaher Corporation, Instrumentarium Dental Inc., Dental Equipment LLC, Kavo Dental Technologies, LLC and Dental Imaging Technologies Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing MANUFACTURER DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S MAY 28, 2013 MEMORANDUM ORDER (DKT. # 44) has been served upon all counsel of record by using the Court's electronic filing system ("EFS") on July 3, 2013.

/s/ Jonathan B. Pitt