IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ARCHER AND WHITE SALES, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CIVIL ACTION NO. 2:12-CV-00572 |
| HENRY SCHEIN, INC., DANAHER CORPORATION, INSTRUMENTARIUM DENTAL INC., DENTAL EQUIPMENT LLC, KAVO DENTAL TECHNOLOGIES, LLC AND DENTAL IMAGING TECHNOLOGIES CORPORATION, | § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT HENRY SCHEIN, INC.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. # 47) OF MAGISTRATE JUDGE'S MAY 28, 2013 MEMORANDUM ORDER (DKT. # 44)**

Paul F. Schuster
State Bar No. 00784931
Michael V. Powell
State Bar No. 16204400
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Tel: (214) 740-8000
Fax: (713) 740-8800
mpowell@lockelord.com
pschuster@lockelord.com

Helene D. Jaffe
Alan R. Kusinitz
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Counsel for Defendant Henry Schein, Inc.*

Defendant Henry Schein, Inc. ("Schein") respectfully submits this sur-reply in support of its Memorandum in Opposition to Plaintiff's Motion for Reconsideration of Magistrate Judge's May 28, 2013 Memorandum Order (Dkt. 47, hereinafter "Opp'n"). Schein also joins Manufacturer Defendants' Sur-Reply in Opposition to Plaintiff's Motion for Reconsideration of Magistrate Judge's May 28, 2013 Memorandum Order (Dkt. 51).

Schein submits this sur-reply to draw the Court's attention to three fundamental misstatements underpinning Archer's arguments. Each of the following propositions advanced by Archer is wrong:

(1) For purposes of equitable estoppel, Archer's case does not "rely on" the Dealer Agreement with Danaher;

(2) Concerted misconduct is insufficient to compel arbitration; and

(3) Plaintiff has plausibly pled a claim for injunctive relief.

Accordingly, as set forth below, Plaintiff's Reply in Support of Motion for Reconsideration of Magistrate Judge's May 28, 2013 Memorandum Order (Dkt. 48, hereinafter "Reply") fails to provide any basis for overturning Magistrate Judge Payne's well-reasoned Memorandum Order.

## ARGUMENT AND AUTHORITIES

### I. Archer Lacks Standing To Assert A Price-Fixing Claim

Recognizing the inevitable result of a straightforward application of the "rely on" test for equitable estoppel to its claim, Archer tries to distance itself from the 2007 Pelton & Crane Agreement ("Dealer Agreement"), even though the Dealer Agreement creates the rights that Plaintiff asserts Schein and the Manufacturer Defendants (collectively "Defendants") improperly restricted. *See* Complaint ¶¶ 1, 23 (Dkt. 1, hereinafter

1

"Compl."). To avoid this fact, Archer claims it is entitled to millions of dollars as a result of a price-fixing conspiracy. Thus, Archer argues that its claim that the Defendants terminated or restricted its territory (Compl. at ¶¶ 1, 33) does not "rely on" the Dealer Agreement because this is an "antitrust conspiracy action" based on a "horizontal price-fixing agreement" and "[n]ot a dealer termination case." Reply at 4.

But this is simply wrong. Archer alleges that it is Schein's horizontal competitor in the sale of dental equipment. *See, e.g.*, Compl. at ¶ 1. It is black-letter law that Archer, as Schein's horizontal competitor, lacks antitrust standing to bring a price-fixing claim because it does not suffer an antitrust injury. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 582-83 (1986) (defendants' competitors could not recover damages for defendants' price fixing); *Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.*, 940 F. Supp. 1026, 1036 (E.D. Tex. 1996); *Rockbit Indus. U.S.A., Inc. v. Baker Hughes, Inc.*, 802 F. Supp. 1544, 1548-49 (S.D. Tex. 1991).

A plaintiff cannot circumvent this rule by arguing, as Archer does (Reply at 4), that it was terminated in furtherance of a purported price-fixing conspiracy. This argument was soundly rejected by, for example, the Southern District of Texas in *Rockbit*, 802 F. Supp. 1544. There plaintiff, Rockbit, argued that it had standing to file a price-fixing claim against its competitor Baker Hughes because Baker Hughes attempted to drive Rockbit out of business as part of an overall scheme to protect the alleged conspiracy. 802 F. Supp. at 1548. In rejecting this argument, the court held that "Rockbit's *overall scheme theory* does not provide support for the proposition that it has standing to advance the price-fixing claim" and accordingly "since Rockbit could not have suffered injury as a result of a price-fixing conspiracy, it cannot prevail *even if it*

2

*were a target of the conspiracy.*" *Id*. at 1548-49 (emphasis added); *see also Stewart Glass*, 940 F. Supp. at 1036 (even though defendants agreed to exclude plaintiffs from the market "because plaintiffs stand to gain from any conspiracy to raise prices, they do not have the requisite 'antitrust injury' necessary to maintain a Section 1 claim for a conspiracy to fix prices").[1]

Accordingly, Plaintiff's "rely on" argument presents a binary choice: it has pled either (i) a price-fixing claim, for which it lacks standing; or (ii) a dealer termination claim that "relies on" the Dealer Agreement, which contains an arbitration clause.

## II. Plaintiff Misstates The Holding In *Brown* And Fails To Address Cases Compelling Arbitration Based On Allegations Of Concerted Misconduct

Archer's argument that concerted misconduct between a signatory and non-signatory is insufficient to compel arbitration rests on an incorrect reading of *Brown v. Pacific Life Insurance Co.*, 462 F.3d 384 (5th Cir 2006). Reply at 6. Plaintiff claims that the *Brown* court "*refused* to compel arbitration because consideration of the contract was essential to recovery against the non-signatory defendants." Reply at 6 (emphasis added). This is wrong. The court actually *compelled* arbitration, holding that "the district court did not abuse its discretion in determining that the [plaintiffs] were estopped under *Grigson's* second prong from asserting that a lack of a written arbitration agreement precluded arbitration." 462 F.3d at 398.[2]

---

[1] *Denny's Marina, Inc. v. Renfro Productions, Inc.*, 8 F.3d 1217 (7th Cir. 1993), cited by Plaintiff, is inapposite as it did not involve a manufacturer terminating its dealer and the issue of standing was never addressed. Rather, the only issue on appeal was whether a plaintiff must show an impact on the market when a *per se* violation is alleged.

[2] Plaintiff's Reply further fails to address the plethora of cases cited in Schein's Opposition where courts compelled arbitration based on concerted misconduct. *See* Opp'n (Dkt. 47) at 11. Moreover, none of these cases suggest that the concerted misconduct test provides an insufficient basis for applying equitable

Accordingly, since Archer's complaint is premised on an alleged conspiracy involving concerted action between Schein and Pelton & Crane/Danaher (a signatory to the contract with the arbitration clause) to terminate and/or restrict Archer's distribution territories, Judge Payne correctly compelled arbitration based on the concerted misconduct theory of equitable estoppel. Compl. at ¶¶ 31-33.

### III. Plaintiff Has Not Pled A Plausible Claim For Injunctive Relief

In proffering its mistaken interpretation of the arbitration clause, Archer previously acknowledged that a claim for injunctive relief had to be "plausible on its face," even citing to *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).[3] Now, relying on a pre-*Twombly* decision that did not involve or even discuss pleading for injunctive relief, Archer asserts that if its complaint "provide[s] notice of the circumstances which give rise to the claim, or set[s] forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist," it has sufficiently pled a claim for injunctive relief that triggers the exception to the arbitration clause in the Dealer Agreement. Reply at 3 (quoting *General Star Indem. Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950 (5th Cir. 1999)). This is wrong.

After *Twombly*, a complaint must present enough facts to state a claim for relief that is plausible on its face. 550 U.S. at 570. A party seeking injunctive relief in an antitrust case must plead: (1) irreparable harm; (2) inadequate remedies; (3) balancing of

---

estoppel. *See, e.g.*, *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 373 (4th Cir. 2012) (doctrine of equitable estoppel applies "when the signatory to the contract containing the arbitration clause raises allegations of . . . substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract") (internal quotation marks and citations omitted ); *Grigson v. Creative Artists Agency*, 210 F.3d 524, 527 (5th Cir. 2000) (same).

[3] Plaintiff's Motion for Reconsideration of Magistrate Judge's May 28, 2013 Memorandum Order at 4 (Dkt. 45, hereinafter "Mot.").

4

the hardships; and (4) the public interest. *See, e.g., eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also DFW Metro Line Servs. v. Southwestern Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990). Plaintiff claims that its "Complaint provides detailed facts … pleading for injunctive relief," but fails to cite a single allegation that satisfies, let alone relates, to any of the elements necessary for an injunction. Reply at 2-3. The complaint, for example, does not explain how Archer is irreparably harmed or why damages (which are being sought in the millions of dollars) are inadequate. Simply inserting the word "injunction" a handful of times in a complaint does not state a plausible claim for injunctive relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (conclusions are not entitled to the assumption of truth). Accordingly, Judge Payne properly rejected Plaintiff's efforts to plead around the arbitration clause.

## **CONCLUSION**

For the foregoing reasons, the Court should affirm Judge Payne's Order compelling arbitration.

Dated: July 3, 2013  Respectfully submitted,

/s/ Paul F. Schuster
Paul Schuster
State Bar No. 00784931
Michael V. Powell
State Bar No. 16204400
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Tel: (214) 740-8000
Fax: (713) 740-8800
mpowell@lockelord.com
pschuster@lockelord.com

Helene D. Jaffe
Alan R. Kusinitz
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
hjaffe@proskauer.com
akusinitz@proskauer.com

*Counsel for Defendant Henry Schein, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by using the Court's electronic filing system on July 3, 2013.

/s/ Paul F. Schuster