IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARCHER AND WHITE SALES, INC., <br>     *Plaintiff*, <br> v. <br><br> HENRY SCHEIN, INC. et al, <br>     *Defendant*. | § § § § § § § § § § § |   Civil Action No. 2:12-cv-572-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Intra-District Transfer of Venue (Dkt. No. 82) filed by Defendant Henry Schein, Inc. ("Schein"), in which Schein moves under 28 U.S.C. § 1404(a) to transfer the above referenced case to the Sherman Division of this District. Defendants Danaher Corporation, Instrumentarium Dental Inc., Dental Equipment LLC, KaVo Dental Technologies, LLC, and Dental Imaging Technologies Corporation (collectively, the "Manufacturer Defendants") subsequently filed a Notice (Dkt. No. 83) indicating their joinder in Defendant Schein's motion. Such Notice does not provide any additional arguments or evidence, but merely adopts Schein's motion by reference. The Court heard argument on this Motion on July 19, 2017. Having considered the Parties' arguments, briefing, and the relevant authorities, the Court is of the opinion that Schein's Motion should be **DENIED**.

   **I.**   **Background**

Plaintiff Archer and White Sales, Inc. ("Archer") filed this action against Schein and the Manufacturer Defendants, alleging violations of § 1 of the Sherman Act and corresponding Texas

state law provisions based on an alleged group boycott by Schein and another distributor, which the Manufacturer Defendants then allegedly joined. (Compl. ¶ 1–4.)

Plaintiff Archer has been in the business of distribution, sales, and service of dental equipment and supplies to dental professionals since 1983. (Compl. ¶ 9.) Archer is located in Plano, Texas, in the Sherman Division of the Eastern District of Texas. (Compl. ¶ 9.)

Defendant Schein is incorporated in Delaware and maintains its principal place of business in New York. (Compl. ¶ 15.) Schein maintains multiple offices in Texas, including an office in Southlake, Texas; a distribution center in Grapevine, Texas; a technology office in Arlington, Texas; and other offices in San Antonio and Houston. (Decl. of Randall McLemore, Ex. A, Dkt. No. 82-1 ¶ 6 ("McLemore Decl.").)

As to the Manufacturer Defendants, Danaher is a Delaware corporation with its principal place of business in Washington, D.C. (Compl. ¶ 10.) Instrumentarium, a wholly-owned subsidiary of Danaher, is incorporated in Wisconsin and maintains its principal place of business in Wisconsin. (Compl. ¶ 11.) Dental Equipment LLC is incorporated in North Carolina, and has its principal place of business in that state. (Compl. ¶ 12.) Dental Equipment LLC is also a wholly-owned subsidiary of Danaher, and it does business under the names Pelton & Crane, Marus, and DCI Equipment. (Compl. ¶ 12.) Defendant KaVo, another wholly-owned subsidiary of Danaher, is incorporated in North Carolina and maintains its principal place of business in Illinois. (Compl. ¶ 13.) Finally, Gendex is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Compl. ¶ 14.) Gendex is also wholly owned by Danaher. (Compl. ¶ 14.)

## II. Legal Standard

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are to be decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008)

3

("*Volkswagen II*"). Although these factors are typically applied to analyze transfers between districts, they apply equally to transfers between divisions within the same district. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

While a plaintiff's choice of venue is not an express factor in this analysis, the appropriate deference afforded to the plaintiff's choice is reflected in a defendant's elevated burden of proof. *Volkswagen II*, 545 F.3d at 315. In order to support its claim for a transfer under § 1404(a), the defendant must demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Id.* Absent such a showing, however, the plaintiff's choice is to be respected. *Id.*

### III.   Analysis

The Court will evaluate the relevant private and public factors, addressing the Parties' specific arguments where applicable.

#### a. This Action Could Have Been Brought Initially in the Sherman Division

The Parties do not dispute that this case could have been filed in the Sherman Division of this District.

#### b. Private Interest Factors

##### i. Relative Ease of Access to Sources of Proof

The first private interest factor regarding access to sources of proof looks to where documentary evidence, such as documents and physical evidence, is stored.[1] *See Volkswagen II*, 545 F.3d at 316 (discussing the location of documents and physical evidence relating to a vehicle

---

[1] Although witnesses are "sources of proof" in a sense, the Court analyzes the various arguments made regarding witnesses under the factors that focus on the availability of the compulsory process and the cost of attendance of willing witnesses.

4

accident). As Schein notes in its Motion, "[c]ourts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-cv-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010).

Schein argues that sources of proof will be more readily accessible in the Sherman Division than in the Marshall Division. (Dkt. No. 82 at 5.) First, Schein contends that since Archer is located within the Sherman Division, its documents are "presumably" there as well. *Id.* However, Schein has not presented any evidence to support such speculation, nor has Schein identified any particular documents from Archer's Plano office that would be relevant to this case.

As to its own documents,[2] Schein notes that "to the extent that Schein's hard copy customer files for North Texas, Oklahoma, and Arkansas could become relevant, those files are stored in Southlake, Texas; Tulsa or Oklahoma City, Oklahoma; and Little Rock, Arkansas." (Dkt. No. 82 at 6.) Schein further notes that it has offices, distribution centers, and facilities within the Dallas area. (*Id.*) Financial documents, however, are located at Schein's corporate offices in Wisconsin and New York. (*Id.*)

Although Schein notes the existence of customer files and various facilities in the Dallas area, Schein has not explained how these files or facilities are relevant to this case. Moreover, as Plaintiff notes, one of the offices identified by Schein as containing hard copy customer files (the Little Rock office) is closer to Marshall than it is to Sherman. (Dkt. No. 87 at 8 n.44; Decl. of James Archer, Jr., Ex. A, Dkt. No. 87-1 ¶ 11 ("Archer Decl.").) Although Archer's presence in Plano may play a role in the convenience analysis in an appropriate case, the Court does not find

---

[2] There is no evidence in the record regarding where the Manufacturer Defendants' documents may be located.

5

that argument persuasive here, where Schein has failed to particularly identify any relevant documents that exist at Archer's location in Plano. Further, even if Archer's documents contain relevant information, Archer selected the current venue with full knowledge that such might cause it to produce records it holds in its Plano office. Defendants should not be able to use any level of inconvenience which Archer consciously took upon itself to defeat Archer's choice as to venue. As such, the Court finds this factor neutral.

### ii. Availability of Compulsory Process

The second private interest factor pertains to a court's ability to compel attendance of witnesses. As Schein notes in its Motion, this factor particularly addresses non-party witnesses whose attendance may need to be secured by a court order. (Dkt. No. 82 at 7.) No party has identified any non-party witnesses for whom the compulsory process would be needed.

Schein makes the general argument that non-party witnesses such as former employees are more likely to be located near Archer's office in Plano or Schein's office in Southlake, each of which is within 100 miles of either courthouse in the Sherman Division. (Dkt. No. 82 at 7.) In response, Plaintiff points to Federal Rule of Civil Procedure 45(c)(1)(B), which permits the court to compel attendance "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). Thus, Plaintiff argues that since Schein has not identified any non-party witnesses that would incur substantial expense by attending a trial in Marshall, the ability of each division to compel attendance at trial would be the same. (Dkt. No. 87 at 10.) Further, Archer notes that to the extent that a non-party witness would be beyond the subpoena power of both divisions, this factor would be neutral. (*Id.*)

Given the speculative nature of the Parties arguments, and given that no party has linked a real need to utilize compulsory process in this case to any specific person or persons, the Court finds this factor to be neutral.

### iii. Cost of Attendance for Willing Witnesses

The third private interest factor is the cost of attendance for willing witnesses. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. However, as other courts in this Circuit have noted, the convenience of *party* witnesses is given little weight. *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), report and recommendation adopted in A-09-CA-773-LY (Dkt. No. 20) (Apr. 14, 2010) ("[I]t is unclear whether Defendant is contending that the transfer would be more convenient for non-party witnesses or merely for their own employee witnesses. If the Defendant is referring to employee witnesses, then their convenience would be entitled to little weight."). *See also Vassallo v. Goodman Networks, Inc.*, No. 5:14-cv-743-DAE, 2015 WL 502313, at *4 (W.D. Tex. Feb. 5, 2015) (noting that the convenience of non-party witnesses is given more weight in the transfer analysis than the convenience of party witnesses); *Summit 6 LLC v. HTC Corp.*, No. 7:14-cv-0014-O, 2014 WL 4449821, at *7 (N.D. Tex. Sept. 10, 2014) (same); *RPost Holdings, Inc. v. StrongMail Sys., Inc.*, No. 2:12-cv-515-JRG, 2013 WL 4495119, at *4 (E.D. Tex. Aug. 19, 2013) (same).

Schein argues that the "likely witnesses" in this case live in or near the Sherman Division, or that it would be easier for potential witnesses to travel to that Division. (Dkt. No. 82 at 6.) Schein

first turns to Plaintiff's witnesses, arguing that Archer's current employees "presumably reside within commuting distance" of Plano and that Archer's former employees "are more likely to reside within the Sherman Division than the Marshall Division." (Dkt. No. 82 at 5–6, 8.) Plaintiff responds, however, that even witnesses who reside in the Dallas-Fort Worth ("DFW") area would likely stay overnight in Sherman during trial given the traffic congestion in the DFW area, which would put them in the same posture as would a trial in Marshall. (Archer Decl. ¶ 2.) Plaintiff further emphasizes that the majority of witnesses will not be Archer's employees, as the substantive antitrust claim at issue pertains to conduct between the defendants. (Dkt. No. 87 at 7.)

As to other witnesses, Schein alludes to current and former employees who live in Oklahoma and the DFW area, but names just two individuals who were included in Plaintiff's Complaint—Mark Lowery and Don Givens.[3] (Dkt. No. 82 at 6, 8–10.)

Mark Lowery is a Schein employee who lives in California. (*Id.* at 6–7.) Schein contends that the Sherman Division is more convenient for Mr. Lowery because of that Division's proximity to two particular airports (DFW and Dallas Love Field). (*Id.*) Don Givens is an employee of Defendant Pelton and Crane who lives in Dallas. (McLemore Decl. ¶ 16.)

Schein contends that its failure to identify additional witnesses beyond those included in Plaintiff's Complaint is due to Schein's denial of the substantive allegations in Plaintiff's claim. (Dkt. No. 92 at 4 ("How is Schein to identify specific witnesses with knowledge of a conspiracy

---

[3] Schein submitted a declaration from Randall McLemore, a Schein employee who served as Schein's Regional Manager for North Texas from 2008 to 2015. (McLemore Decl. ¶ 2.) His declaration explains where Schein has offices and where it maintains certain documents. Mr. McLemore works in Southlake, Texas, and resides in Mansfield, Texas. (McLemore Decl. ¶ 4.) However, Schein has not indicated whether Mr. McLemore is expected to testify in this case. Regardless, even if Mr. McLemore is a potential witness, the convenience of employee witnesses is given much less weight than the convenience of non-party witnesses, and the addition of Mr. McLemore to the analysis would not change the Court's ruling.

that never existed?").) However, it is Schein's burden to establish that the transferee venue is clearly more convenient, and the alleged non-existence of witnesses only weakens Schein's argument that transfer is necessary for convenience in this case. The Court must look only at the convenience of the specific witnesses named by Schein, rather than the conjectured inconvenience of unnamed individuals.

Mr. Lowery will need to travel from California regardless of which Division hears this case, and Schein has not explained why Mr. Lowery could not make use of a nearby airport, such as the airport in Shreveport, Louisiana, which Plaintiff indicates is just 34 miles from the Marshall courthouse. (Archer Decl. ¶ 11.) Any difference in convenience as to Mr. Lowery is *de minimus* at best. As to Mr. Givens, who lives in Dallas, the Sherman Division would likely be more convenient for him. However, given that both Mr. Lowery and Mr. Givens are employees of named defendants in this case, the Court gives their convenience less weight in the transfer analysis. *Vassallo v. Goodman Networks, Inc.*, No. 5:14-cv-743-DAE, 2015 WL 502313, at *4 (W.D. Tex. Feb. 5, 2015) (noting that the convenience of non-party witnesses is given more weight in the transfer analysis than the convenience of party witnesses).

Plaintiff, on the other hand, has identified four non-party witnesses who are expected to testify and who are located closer to Marshall than to Sherman. Plaintiff first names three dentists with knowledge regarding "Archer and White's business, its services, its pricing, the pricing of its competitors, Archer and White's inability to offer all the products its customers wanted, and the effects of Archer and White's inability to provide certain equipment lines." (Archer Decl. ¶ 9.) These three dentists are Charles Parker, DDS, who practices in Marshall, Texas; Dr. James Shamberger, DDS, who practices in Texarkana, Texas; and Dr. Allan Ladd, DDS, who practices

9

in Camden, Arkansas. (Archer Decl. ¶ 9.) Plaintiff further identifies as a witness John Callouet, an independent contractor based in Baton Rouge, Louisiana. (Archer Decl. ¶ 10.) Mr. Callouet services equipment sold and installed by Plaintiff and has knowledge regarding the effects of Archer's inability to supply customers with certain product lines. (Archer Decl. ¶ 10.) With respect to these non-party witnesses, trial in the Marshall Division would be more convenient than trial in the Sherman Division under the Fifth Circuit's 100-mile rule.

Accordingly, the Court is persuaded that the presence of four non-party witnesses in or near Marshall, Texas, outweighs the presence of one party employee witness in Dallas and one party employee witness in California. This factor weighs against transfer.

### iv. *All Other Practical Problems*

The final private interest factor considers "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). Schein argues that transferring this case to the Sherman Division would reduce legal expenses, as all parties have at least some counsel located in Dallas, with additional counsel located in Washington, D.C. and Houston. (Dkt. No. 82 at 10.) However, as Plaintiff points out, the Fifth Circuit has expressly and adamantly rejected any consideration of where a party's attorneys are located. *Volkswagen I*, 371 F.3d at 206 (concluding that the court "reversibly erred in considering a factor that is not part of the § 1404(a) analysis. Specifically, in its order the district court considers that counsel for both parties are located in Dallas, Texas. The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)."). This Court is bound by the Fifth

Circuit's explicit instruction that the location of counsel may not be considered. Thus, the Court finds this factor neutral.

### c. Public Factors

#### i. The Administrative Difficulties Flowing From Court Congestion

Schein argues that the factor regarding court congestion is neutral. (Dkt. No. 82 at 11.) Plaintiff, however, compares the two judicial divisions based on the number of criminal cases in 2016: 186 cases in the Sherman Division as compared to just 8 cases in the Marshall Division. (Dkt. No. 87 at 11–12.) Based on this significant difference, Plaintiff argues that due to constitutional and statutory speedy trial requirements, the significant number of criminal cases will necessarily take priority over civil cases in the Sherman Division, thus delaying the progress of this civil case. (Dkt. No. 87 at 11–12.) Plaintiff also notes that the Judicial Conference has identified a district court vacancy in the Sherman Division as a Judicial Emergency. (*Id.* at 12.)

Although Plaintiff's statistics may theoretically have some merit, and thus may slightly weigh against transfer, the Court recognizes that Plaintiff's argument inherently involves some speculation as to how such statistics may (or may not) realistically impact this particular case. As such, the Court considers this factor to be neutral.

#### ii. Local Interest in Having Localized Interests Decided at Home

Schein argues that the local interest factor favors transfer because no party resides in Marshall, Texas, while Plaintiff is headquartered in Plano, Texas. (Dkt. No. 82 at 11–12.) Defendant Schein further notes that it has several locations in the DFW area. (*Id.*) Plaintiff first responds with case law holding that the local interest factor is neutral in the antitrust context, as such cases have national economic significance. (Dkt. No. 87 at 12 (citing *United States v. H & R*

11

*Block, Inc.*, 789 F. Supp. 2d 74, 83 (D.D.C. 2011)).) While Plaintiff's argument may be persuasive in other jurisdictions, this Court is wary of adopting such an argument in light of certain guidance from the Fifth Circuit. *See Volkswagen II*, 545 F.3d at 318. Although Plaintiff's argument is based on the nationwide economic impact of an alleged antitrust conspiracy, the Court finds this argument too similar to the argument previously rejected by the Circuit.

The Court is more persuaded by Plaintiff's second argument—that some of Plaintiff's relationships impacted by Defendants' alleged conduct are with dentists who maintain practices in and near the Marshall Division. (Dkt. No. 87 at 13.) However, Plaintiff has not provided sufficient detail about these relationships for the Court to give much credence to this argument. As such, the Court is persuaded that this factor slightly favors transfer to the Sherman Division.

### iii. Avoidance of Unnecessary Conflicts of Law

Defendant Schein states that this factor is neutral. (Dkt. No. 82 at 12.) Plaintiff concurs, (Dkt. No. 87 at 13), and the Court agrees.

### iv. The Familiarity of the Forum with the Governing Law

Defendant Schein also treats the final public interest factor as neutral (Dkt. No. 82 at 12.) Although Plaintiff agrees that both Divisions are equally capable of analyzing the applicable law in this case, Plaintiff argues that this factor favors denying transfer. (Dkt. No. 87 at 13.) Plaintiff's argument is based on the fact that before Schein filed its transfer motion, this Court had already handled significant aspects of this case, including for example whether this dispute fell within the scope of an arbitration agreement. (*Id.*) Although the Court has expended considerable efforts in this case to date, and although such an argument could in some cases be relevant in considering

12

the transfer analysis's private interest factors, the Court is not inclined to hold such to be persuasive in the context of the public interest factors. As such, the Court considers this factor to be neutral.

### IV. Conclusion

Having considered the relevant factors, the Court is of the opinion that Schein has not satisfied its "significant burden" to show that transfer to the Sherman Division is clearly more convenient. *Volkswagen II*, 545 F.3d at 315 n.10. Likewise, the Manufacturer Defendants that adopted Schein's motion by reference have also not met their burden. Under Fifth Circuit law, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. Accordingly, Schein's Motion for Intra-District Transfer (Dkt. No. 82) is **DENIED**.

**So ORDERED and SIGNED this 26th day of July, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE