**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ARCHER & WHITE SALES, INC., ) | |
| ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:12-cv-00572-JRG |
| ) | |
| v. ) | ORAL ARGUMENT REQUESTED |
| ) | |
| HENRY SCHEIN, INC., et al., ) | **FILED UNDER SEAL** |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT BENCO DENTAL SUPPLY COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................1

STATEMENT OF UNDISPUTED MATERIAL FACTS ...........................................................4

A.      Parties.................................................................................................................4

B.      Claims Related to Dynamic Dental.....................................................................4

C.      Claims Related to Danaher's Termination of Archer in 2014 .............................6

ARGUMENT ............................................................................................................................10

A.      Standard of Review For Summary Judgment Motions in Antitrust Actions ....................10

B.      Archer Lacks Standing To Assert Claims Related to Dynamic Dental, Because
        Any Such Claims Belong Benco Under The Asset Purchase Agreement .........................12

C.      The applicable statute of limitations bars any claim against Benco that accrued on
        or before August 1, 2013. .................................................................................................14

D.      Benco Is Entitled To Summary Judgment on Archer's Claims Related to
        Danaher's Termination of Archer In 2014........................................................................16

CONCLUSION.........................................................................................................................18

REQUEST FOR ORAL ARGUMENT ......................................................................................18

CERTIFICATE OF SERVICE .................................................................................................20

CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL ...........................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadir & Co. v. First Mississippi Corp.*,
 651 F.2d 422 (5th Cir. 1981) ...................................................................................10

*Al George, Inc. v. Envirotech Corp.*,
 939 F. 2d. 1271 (5th Cir. 1991) ...............................................................................15

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)........................................12

*Beneficial Com. Corp. v. Railserv Mgt. Corp.*,
 563 F. Supp. 114 (E.D. Pa. 1983) ...........................................................................13

*Celotex,* 477 U.S. at 327 ................................................................................................18

*Culberson, Inc. v. Interstate Elec. Co.*,
 821 F.2d 1092 (5th Cir. 1987) .................................................................................17

*Delek Reining, Ltd. v. Occupational Safety and Health Review Comm'n*,
 845 F.3d 170 (5th Cir. 2016) ...................................................................................15

*Gabelli v. SEC*,
 568 U.S. 442 (2013)..................................................................................................15

*Gardner v. Surnamer*,
 608 F. Supp. 1385 (E.D.Pa.1985) ...........................................................................13

*Garrison v. Oracle Corp.*,
 159 F. Supp. 3d 1044 (N.D. Cal. 2016) ...................................................................16

*Gilchrist Machinery Co. v. Komatsu Am. Corp.*,
 601 F. Supp. 1192 (S.D. Miss. 1984)......................................................................17

*Glenn Distribs. Corp. v. Carlisle Plastics, Inc.*,
 297 F.3d 294 (3d Cir. 2002)....................................................................................13

*Golden Bridge Tech., Inc. v. Motorola Inc.*,
 547 F.3d 266 (5th Cir.2008) ...............................................................................11, 12

*Internet Corporativo S.A.DE C.V. v. Bus. Software All., Inc.*,
 No. Civ. A. H-04-2322, 2004 WL 3331843 (S.D. Tex. Nov. 15, 2004) ...........14, 15

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
   677 F. 2d. 1045 (5th Cir. 1982) ....................................................................................14, 15

*L.G. Motorsports, Inc. v. NGMCO, Inc.*,
   No. 4:11-CV-112, 2012 WL 718603 (E.D. Tex. Mar. 6, 2012) .............................................10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 .........................................................................................................................12

*Monsanto Co. v. Spray–Rite Serv. Corp.*,
   465 U.S. 752 (1984).......................................................................................................11, 17, 18

*Navico Inc. v. Garmin Int'l, Inc.*,
   No. 2:16-CV-00190-JRG-RSP, 2017 WL 3701189 (E.D. Tex. Aug. 7, 2017),
   *report and recommendation adopted*, 2017 WL 3676787 (E.D. Tex. Aug. 25,
   2017) .....................................................................................................................................10

*Note Inv. Group, Inc. v. Associates First Capital Corp.*,
   83 F. Supp. 3d 707 (E.D. Tex. 2015).....................................................................................15

*In re Pool Products Distrib. Market Antitrust. Litig.*,
   158 F. Supp.3d 544 (2016) ...............................................................................................11, 12

*Provident Life & Accident Ins. Co. v. Knott*,
   128 S.W.3d 211 (Tex. 2003)..................................................................................................15

*Rodriguez v. Compass Shipping Co. Ltd.*,
   617 F.2d 955 (2d Cir.1980), aff'd 451 U.S. 596 (1981).........................................................13

*Rx.com v. Medco Health Sols., Inc.*,
   322 F. App'x 394 (5th Cir. 2009) ..........................................................................................14

*Southway Theatres, Inc. v. Ga. Theatre Co.*,
   672 F.2d 485 (5th Cir.1982) ..................................................................................................12

*Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc.*,
   200 F.3d 307 (5th Cir.2000) ..................................................................................................12

*Tel-Phonic Services, Inc. v. TBS Intern., Inc.*,
   975 F.2d 1134 (5th Cir. 1992) ...............................................................................................14

*Texas v. Allan Constr. Co.*,
   851 F.2d 1526 (5th Cir. 1988) ...............................................................................................16

*Texas v. Am. Tobacco Co.*,
   463 F.3d 399 (5th Cir. 2006) .................................................................................................13

iii

*Zuber v. Boscov's*,
    871 F.3d 255 (3d Cir. 2017).....................................................................................13

**Rules**

Federal Rule of Civil Procedure 17(a) .........................................................................13

Federal Rule of Civil Procedure 56 .........................................................................1, 18

**Statutes**

15 U.S.C. § 15b...............................................................................................................14

COMM. CODE §§ 15.04, 15.25(a)...............................................................................14

Sherman Act or the Texas Free Enterprise and Antitrust Act ...........................10, 14, 18

Texas Free Enterprise and Antitrust Act, *report and recommendation adopted*,
    2012 WL 1080924 (E.D. Tex. Mar. 30, 2012) .........................................................10

Defendant Benco Dental Supply Company ("Benco") hereby respectfully moves the Court for judgment in Benco's favor as to all claims asserted against Benco in Plaintiff Archer & White Sales, Inc.'s ("Archer") Second Amended Complaint (Dkt. No. 261) pursuant to Federal Rule of Civil Procedure 56 and Local Rule CV-56 for the reasons stated below.

## STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

Whether Archer lacks standing to assert certain claims that properly belong to Benco, and whether Benco is entitled to summary judgment because the evidence in the record is insufficient to raise a genuine issue of material fact in support of Archer's claims against Benco.

## INTRODUCTION AND SUMMARY OF ARGUMENT

In August 2012, Archer filed its original Complaint ("Complaint") in this action alleging a conspiracy among (1) Henry Schein, Inc. ("Schein"), (2) "Company X" (later identified to be non-party Burkhart Dental Supply ("Burkhart")), (3) Danaher Corporation ("Danaher"), and (4) several related Danaher entities. One of the key issues that formed the basis of Archer's claims – comprising 23 out of the 30 substantive paragraphs in the Complaint – was an alleged boycott by the defendants directed to Dynamic Dental Solutions, Inc. ("Dynamic"). Dynamic was a company located in Oklahoma that Archer had invested in and that would sell products (purchased from Archer) in Oklahoma and nearby locations in Arkansas and Texas. There was no suggestion in Archer's Complaint that any entity other than the original defendants and Burkhart was involved in any of the actions concerning Dynamic or any of the other events described in the Complaint.

1.      In May 2009, long before Archer filed its Complaint, Benco had acquired most of the assets of Dynamic, which included █████████████████████████████████████████

There is no dispute between the parties here that the causes of action sold to Benco included any claim involving the boycott of Dynamic by the original defendants named in the Complaint here.

Furthermore, during the almost five years that the Complaint had been pending in this Court, there was no suggestion by Archer that any party other than the original defendants had conspired in any way to injure Archer.

On August 1, 2017 Archer filed an amended complaint that in this action, for the first time, alleged Benco's participation in a conspiracy that damaged Archer. Archer, in effect, just tacked Benco (and new co-defendant Patterson Companies, Inc. ("Patterson"), onto the allegations of its aged Complaint.

2

[REDACTED]

Benco moved to dismiss the Amended Complaint, and in response Archer filed a Second Amended Complaint, which asserted the same substantive claims raised in the Amended Complaint, but included extraneous allegations that did not materially change its claims against Benco.

Archer makes two substantive allegations relating to Benco concerning Archer's claim of a boycott that damaged Archer. [REDACTED]

[REDACTED] Accordingly, Archer is claiming damages related to Dynamic Dental for actions that occurred before its acquisition by Benco. [REDACTED]

Both of these arguments fail and Archer has no damages it can in any way tie to Benco. As demonstrated below, first, when Benco acquired Dynamic Dental's assets, the acquisition included [REDACTED] If Dynamic Dental suffered any injury, that cause of action is now owned by Benco – not Archer – and Archer cannot claim any damages arising from same. Second, the evidence in this case regarding Archer's termination by Danaher in no way suggests that Benco played any role in that decision, such that Benco cannot be liable for any damages

related to it.  For these reasons, Archer has no damages tied to Benco and its Second Amended Complaint must be dismissed with prejudice.

<u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

**A.**    <u>Parties</u>

1.      Benco is a privately owned distributor of dental supplies and equipment headquartered in Pittston, Pennsylvania.  Second Amended Complaint at ¶ 17.

2.      Archer is a privately owned Texas-based business that "has been in the business of distribution, sales, and service of dental equipment and supplies to dental professionals since 1983."  Second Amended Complaint at ¶ 9.

3.      ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

4.      Danaher, Instrumentarium Dental, Inc. ("Instrumentarium"), Dental Equipment LLC d/b/a Pelton & Crane ("Pelton & Crane"), Dental Equipment LLC d/b/a Marus ("Marus"), Dental Equipment LLC d/b/a DCI Equipment ("DCIE"), KaVo Dental Technologies, LLC ("KaVo") and Dental Imaging Technologies, Corporation d/b/a Gendex Corp. ("Gendex") are manufacturers of dental equipment and supplies.  Second Amended Complaint at ¶¶ 10-14.

5.      Schein is a dental distributor.  Second Amended Complaint at ¶ 15.

6.      Patterson is a dental distributor.  Second Amended Complaint at ¶ 16.

7.      Burkhart is a dental distributor.  Second Amended Complaint at ¶ 20.

**B.**    <u>Claims Related to Dynamic Dental</u>

1.      ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████





**C.**      <u>**Claims Related to Danaher's Termination of Archer in 2014**</u>



2.      There is no evidence in the record that Benco pressured Danaher, or any of its affiliated companies, to terminate Archer or that Benco participated in any conspiracy to pressure Danaher, or any of its affiliated companies, to terminate Archer. On the contrary, the evidence is unrefuted that Benco had no part in that termination.





3.      Third-party witnesses likewise deny any involvement by Benco in any conspiracy

as alleged by Archer:



## ARGUMENT

**A.**      **Standard of Review For Summary Judgment Motions in Antitrust Actions**

To establish its claims against Benco under either the Sherman Act or the Texas Free Enterprise and Antitrust Act, Archer must show the following**:** "(1) the existence of an agreement (2) which unreasonably restrains trade (3) to the damage of the plaintiff." *Abadir & Co. v. First Mississippi Corp.*, 651 F.2d 422, 424 (5th Cir. 1981) (emphasis added); *L.G. Motorsports, Inc. v. NGMCO, Inc.*, No. 4:11-CV-112, 2012 WL 718603, at *6 (E.D. Tex. Mar. 6, 2012) ("The provisions of the Texas Free Enterprise and Antitrust Act are construed in harmony with federal judicial interpretations of comparable federal antitrust statutes to the extent they are consistent with the purpose of the Act."), *report and recommendation adopted*, 2012 WL 1080924 (E.D. Tex. Mar. 30, 2012).

As this Court recently explained, summary judgment is warranted when "the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Navico Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-00190-JRG-RSP, 2017 WL 3701189, at *1 (E.D. Tex. Aug. 7, 2017), *report and recommendation adopted*, 2017 WL 3676787, at *1 (E.D. Tex. Aug. 25, 2017).

There are special considerations that must be taken into account when a court rules on a motion for summary judgment in an antitrust action.  To prove its antitrust claims, Archer must show an actual agreement among the Defendants, which is "a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *Monsanto Co. v. Spray–Rite Serv. Corp.*, 465 U.S. 752, 764 (1984) (internal quotations omitted). *See also In re Pool Products Distrib. Market Antitrust. Litig.,* 158 F. Supp.3d 544, 550 (2016) ("To prove a Section 1 conspiracy, an antitrust plaintiff may present direct or circumstantial evidence of an unlawful agreement.") (citing *Golden Bridge Tech., Inc. v. Motorola Inc.*, 547 F.3d 266, 271 (5th Cir.2008).

As explained below, Archer lacks standing to assert any claims based upon the alleged boycott of Dynamic, because Benco owns those claims following its purchase of the assets of Dynamic. On the majority of other allegations made by Archer against Benco, the statute of limitations had long passed before Archer filed its Amended Complaint on August 1, 2017 first naming Benco as a defendant. To the extent that Archer has standing to assert any claims that are not barred by the statute of limitations, those claims fail, because they merely alleged similar or "parallel" conduct by Benco – complaining to manufacturers about competitors' pricing – without evidence that those alleged actions were made pursuant to an agreement rather than taken unilaterally by Benco.

Parallel conduct as alleged by Archer can be consistent with independent conduct, and evidence of parallel or similar conduct alone by defendants is insufficient to establish an actual agreement, as required by antitrust law.  *In re Pool Products*, 158 F. Supp. 3d at 550-51 ("Independent parallel conduct, 'or even conduct among competitors that is consciously parallel,' on its own, cannot establish the requisite contract, combination, or conspiracy.")

11

(quoting *Golden Bridge Tech.*, 547 F.3d at 271). Furthermore, conduct that is "'consistent with other, equally plausible explanations'" does not "'give rise to an inference of conspiracy.'" *Id.* (quoting *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc.*, 200 F.3d 307, 315 (5th Cir.2000).

There is no direct evidence of Benco's participation in any conspiracy directed to Archer. Thus, in order to survive summary judgment, however, Archer must present strong circumstantial evidence of a conspiracy because "antitrust law limits the range of permissible inferences from ambiguous evidence in a § 1 case." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588. This circumstantial evidence 'must tend to rule out the possibility that the defendants were acting independently" *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Golden Bridge Tech.*, 547 F.3d at 270–71 ("To survive a motion for summary judgment [the plaintiff] must present evidence that tends to exclude the possibility that the alleged conspirators acted independently."); *Southway Theatres, Inc. v. Ga. Theatre Co.*, 672 F.2d 485, 494 (5th Cir.1982) ("[T]he inference of a conspiracy is always unreasonable when it is based solely on parallel behavior that can be explained as the result of the [defendants'] independent business judgment ....").

As described below, there is no evidence, let alone any unambiguous evidence, that Benco participated in any conspiracy to harm Archer – a contention that Archer's principal, Jim Archer, Jr. affirmed only one week before Archer added Benco as a defendant in this case.

**B.     Archer Lacks Standing To Assert Claims Related to Dynamic Dental, Because Any Such Claims Belong Benco Under The Asset Purchase Agreement**

[black redaction box]

Federal Rule of Civil Procedure 17(a) provides that every action shall be prosecuted in the name of the real party in interest.  Under Pennsylvania law, as a result of the Asset Purchase Agreement, Benco is the only "real party in interest" with the ability to assert claims related to the boycott of Dynamic.  *See Gardner v. Surnamer*, 608 F. Supp. 1385, 1391 n. 4 (E.D.Pa.1985) ("It is well-established under Pennsylvania law that the real party in interest in an assigned suit is the assignee and not the assignor); *see also Beneficial Com. Corp. v. Railserv Mgt. Corp.*, 563 F. Supp. 114, 116 (E.D. Pa. 1983) ("*Generally, if a person has validly assigned all of his interest in a claim before an action is brought he is no longer the real party in interest.*") (citing *Rodriguez v. Compass Shipping Co. Ltd.*, 617 F.2d 955 (2d Cir.1980), aff'd 451 U.S. 596 (1981).

[black redaction box] Under Pennsylvania

law, "'[w]hen the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself.'"  *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (citation omitted).  *See also Glenn Distribs. Corp. v. Carlisle Plastics, Inc.*, 297 F.3d 294, 300 (3d Cir. 2002) ("It is well-settled under Pennsylvania contract law that the meaning of a clear and unambiguous written contract and the intent of the contracting parties must be determined

---

[1] *See* Ex. 1 (Dep. Ex. 30 at ¶ 9(B)).  But the outcome would be no different under Texas law.  *See Texas v. Am. Tobacco Co.*, 463 F.3d 399, 407 (5th Cir. 2006) ("Courts interpreting unambiguous contracts are confined to the four corners of the document, and cannot look to extrinsic evidence to create an ambiguity") (citation omitted).

from the four corners of the contract") (citation omitted).

████████████████████████████████████████████████████

The Asset Purchase Agreement is unambiguous and, therefore, there can be no dispute that Benco now owns Dynamic Dental's causes of action – including, of course, anything related to harm it may have suffered prior to Benco's acquisition. In short, there are no material facts in dispute that would support Archer's right or ability to assert of any claims, against Benco or any other party, based upon the alleged boycott or termination of Dynamic Dental.  Benco has not agreed to sue itself, and Archer has no legal claim to any alleged pre-Asset Purchase Agreement damages.[2]  Therefore, summary judgment should be entered in Benco's favor for any claims related to the alleged boycott of Dynamic.

### C.      The applicable statute of limitations bars any claim against Benco that accrued on or before August 1, 2013.

Antitrust claims are governed by a four-year statute of limitation.[3]  15 U.S.C. § 15b; *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F. 2d. 1045, 1051 (5th Cir. 1982).  Summary judgment should be entered when the statute of limitations has expired. *See Rx.com v. Medco Health Sols., Inc.*, 322 F. App'x 394 (5th Cir. 2009) (affirming summary judgment on limitations grounds for violations of the Sherman Act); *Tel-Phonic Services, Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1144 n.10 (5th Cir. 1992) (antitrust claims barred by limitations).

---

[2] Archer also cannot claim any damages related to Dynamic Dental's hypothetical activity but-for the sale to Benco, as (1) Dynamic Dental was buying from Archer at cost and (2) the acquisition cut off the relationship, as outlined above.

[3] Archer's TFEEA claim is similarly governed by a 4-year statute of limitations.  TEX. BUS & COMM. CODE §§ 15.04, 15.25(a); *Internet Corporativo S.A.DE C.V. v. Bus. Software All., Inc.*, No. Civ. A. H-04-2322, 2004 WL 3331843, at *7 (S.D. Tex. Nov. 15, 2004).

An antitrust cause of action accrues, and the limitations period begins to run, when a defendant commits an act that injures a plaintiff's business. *Kaiser Aluminum*, 677 F.2d at 1051; *Note Inv. Group, Inc. v. Associates First Capital Corp.*, 83 F. Supp. 3d 707, 731 (E.D. Tex. 2015) (quoting *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)) ("cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur"); *Internet Corporativo S.A.DE C.V. v. Bus. Software All., Inc.*, No. Civ. A. H-04-2322, 2004 WL 3331843, at *4 (S.D. Tex. Nov. 15, 2004) (statute of limitations begins to run when "a defendant's injury-causing conduct occurs").  Where a plaintiff fails to allege an overt act within the statute of limitations period, the limitations period has run and the plaintiff's claim must be dismissed.  *Al George, Inc. v. Envirotech Corp.*, 939 F. 2d. 1271, 1274 (5th Cir. 1991).

The U.S. Supreme Court has repeatedly emphasized the importance of enforcing statutes of limitations and refusing to allow a plaintiff to pursue stale claims.  *Gabelli v. SEC*, 568 U.S. 442, 448 (2013) (statutes of limitations promote the "elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities").  In discussing the importance, and basic purposes of, statute of limitations periods, the Fifth Circuit recently wrote:

> As Chief Justice Marshall stated, allowing parties to sue 'at any distance of time' would be 'utterly repugnant to the genius of our laws.  In a country where not even treason can be prosecuted after a lapse of three years, it could scarcely be supposed that an individual would remain forever liable to a pecuniary forfeiture.'

*Delek Reining, Ltd. v. Occupational Safety and Health Review Comm'n*, 845 F.3d 170, 177 (5th Cir. 2016) (citations omitted).

████████████████████████████████████████████



For these reasons, Benco is entitled to summary judgment on all claims by Archer that accrued outside of the four-year statute of limitations period, *i.e.*, accruing on or before August 1, 2013.

**D.**      **Benco Is Entitled To Summary Judgment on Archer's Claims Related to Danaher's Termination of Archer In 2014.**



---

[5] *See Texas v. Allan Constr. Co.*, 851 F.2d 1526, 1528 (5th Cir. 1988) ("As the district court correctly recognized, a plaintiff may invoke the fraudulent concealment doctrine only by proving two elements: first, 'that the defendants concealed the conduct complained of, and second, that [the plaintiff] failed, despite the exercise of due diligence on his part, to discover the facts that form the basis of his claim.'") (alterations in original). *See also Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1077 (N.D. Cal. 2016) (finding insufficient ground to allege "affirmative acts" of concealment when plaintiffs put forth no specific factual allegations that defendant took affirmative steps to conceal the alleged wrongdoings).

a result, there is no material fact in dispute on this issue and Benco is entitled to summary judgment on this claim.

Archer's contention that evidence of Benco's complaining to manufacturers is evidence of a conspiracy is without merit.  It is not illegal, surprising or suspicious that a distributor would complaint to a manufacturer about a competitor's low prices or selling outside of its authorized area. ███████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████. *See, e.g., Monsanto Co. v. Spray–Rite Serv. Corp.*, 465 U.S. at 763.  ("[C]omplaints about price-cutters are natural—and from the manufacturer's perspective, unavoidable—reactions by distributors to the activities of their rivals."); *id.* (explaining that complaints about price cutting by distributors "arise in the normal course of business and do not indicate illegal concerted action."); *See Culberson, Inc. v. Interstate Elec. Co.*, 821 F.2d 1092, 1093 (5th Cir. 1987) ("Distributor complaints are to be expected in response to another's price-cutting. . . .  They do not indicate an illegal conspiracy"); *Gilchrist Machinery Co. v. Komatsu Am. Corp.*, 601 F. Supp. 1192, 1198-99 (S.D. Miss. 1984) ("The evidence presented by [plaintiff] shows that distributors complained to [defendant] about [plaintiff's] extraterritorial sales.  This alone, however, is not sufficient proof from which to infer a conspiracy.  The evidence further shows that the complaints were registered several years before the termination").

As the Supreme Court has explained, to permit the inference of concerted action on the basis of receiving complaints" and "acting" on them "would both inhibit management's exercise of independent business judgment and emasculate the" Sherman Act. *Monsanto Co. v. Spray–Rite Serv. Corp.*, 465 U.S. at 763.

## CONCLUSION

As the Supreme Court stated in *Celotex*, "Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." 477 U.S. at 327.  For all the foregoing reasons, the Supreme Court's guidance is particularly apt here, and Benco respectfully submits that Archer's Second Amended Complaint must be dismissed with prejudice.

## REQUEST FOR ORAL ARGUMENT

Benco respectfully requests an oral hearing on the instant Motion.

Dated: December 4, 2017

Respectfully submitted,

/s/ Howard D. Scher

Howard D. Scher (admitted *pro hac vice*)
Kenneth L. Racowski (admitted *pro hac vice*)
David A. Schumacher (admitted *pro hac vice*)
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place, Suite 3200
50 South 16th Street
Philadelphia, PA  19102
(215) 665-8700
howard.scher@bipc.com
kenneth.racowski@bipc.com
david.schumacher@bipc.com
            - and -
T. John Ward
Claire Abernathy Henry
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX  75604
(903) 757-6400
tjw@wsfirm.com
claire@wsfirm.com

*Counsel for Defendant Benco Dental Supply Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 4th day of December, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).


*/s/ Howard D. Scher*
Howard D. Scher




## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case (Dkt. No. 116).


*/s/ Howard D. Scher*
Howard D. Scher