**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ARCHER AND WHITE SALES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HENRY SCHEIN, INC., DANAHER ) <br> CORPORATION, INSTRUMENTARIUM ) <br> DENTAL INC., DENTAL EQUIPMENT ) <br> LLC, KAVO DENTAL TECHNOLOGIES, ) <br> LLC AND DENTAL IMAGING ) <br> TECHNOLOGIES CORPORATION, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.: <br> 2:12-CV-00572-JRG-RSP |

**THIRD AMENDED DOCKET CONTROL ORDER**

It is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| May 14, 2018 | Trial |
| April 30, 2018 | Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| April 5, 2018 | Final Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| April 2, 2018 | Serve Objections to Exhibit Lists, Witness Lists, Deposition Designations and Counter-Designations |
| April 2, 2018 | File Notice of Request for Daily Transcript or Real Time Reporting. <br><br> If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| March 23, 2018 | File Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict, Updated Exhibit Lists, Updated |

|  | Witness Lists, and Updated Deposition Designations (including counter-designations). |
|---|---|
| **March 2, 2018** | Initial Pretrial Conference, 1:30 p.m., in Marshall, Texas before Judge Gilstrap |
| March 1, 2018 | Defendant to Identify and Give Notice of Trial Witnesses |
| February 26, 2018 | Plaintiff to Identify and Give Notice of Trial Witnesses |
| February 19, 2018 | Sur-Reply to Motions for Summary Judgment |
| February 12, 2018 | Responses to Motions in *Limine* |
| February 9, 2018 | Reply to Motions for Summary Judgment |
| February 9, 2018 | Sur-Reply to *Daubert* Motion |
| January 29, 2018 | File Motions *in Limine* <br><br> The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |
| January 29, 2018 | Response to Motions for Summary Judgment (excluding *Daubert* Motions).[1] |
| January 29, 2018 | Reply to *Daubert* Motion |

OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(e) provides that a party opposing a motion has 14 days, in addition to any added time permitted under Fed. R. Civ. P. 6(d), in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (a) The fact that there are motions for summary judgment or motions to dismiss pending;

   (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

4. Mediation shall be attended, in person, by named parties (if an individual) or by a fully authorized representative (if not an individual) and by lead counsel. Third party insurance carriers who may be obligated to indemnify a named party and/or who owe a defense to any party shall also attend mediation, in person, by means of a fully authorized representative. Non-compliance with these directives shall be considered an intentional failure to mediate in good faith.

5. Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**So ORDERED and SIGNED this 19th day of January, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE