IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARCHER AND WHITE SALES, INC.<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HENRY SCHEIN, INC., DANAHER CORPORATION, INSTRUMENTARIUM DENTAL, INC., DENTAL EQUIPMENT, LLC, KAVO DENTAL TECHNOLOGIES, LLC, DENTAL IMAGING TECHNOLOGIES CORPORATION, PATTERSON COMPANIES, INC., AND BENCO DENTAL SUPPLY CO.,<br><br>　　　　Defendants. | Civil Action No. 2:12-CV-00572-JRG |

### ORDER GRANTING THE PARTIES' AGREED MOTIONS IN LIMINE

The Court has considered the parties' joint motion for the entry of certain, agreed motions *in limine*. The Court hereby **GRANTS** the parties' joint motion and **ORDERS** that no party shall introduce argument, evidence, testimony, or reference to the following subjects, without first obtaining leave from the Court.

1. The filing, contents, or rulings on any motions in this case, including without limitation motions *in limine*.

2. The exclusion of any expert witness's testimony in another case.

3. The "win/loss" record of the parties' expert witnesses, what percentage of the time the juries agreed with an expert in other cases, or other matters in which counsel may have retained an expert.

4. Any reference to the size, income, profits, or locations of any trial counsel and/or their law firm, as well as suggesting to the jury or attempting to elicit information from witnesses regarding the amount of time or money counsel has spent pursuing or defending claims.[1]

5. Any reference to opinion or testimony excluded by the Court pursuant to its rulings on the parties' *Daubert* motions.

6. Any reference to any factual or legal theories for which the Court grants summary judgment.

7. Any reference to trial consultants (*e.g.*, jury consultants, jury studies, shadow juries, mock juries, graphics consultants, or trial consultants).

8. Any offer to compromise or settle any claim and any statements made in connection therewith, after the filing of this lawsuit—including without limitation mediation.

9. Any reference to a party's failure to call any witness at trial where that witness is outside the subpoena power of the Court or the control of the party failing to call the witness.

10. The forms of transportation taken by employees of any party to attend trial.

11. Any argument or comment to the effect that jurors should place themselves in the position of a party in this case.

12. Any request by one party's counsel to another party's counsel for any stipulation or agreement in the presence of the jury.

---

[1] For the avoidance of doubt, this Order does not preclude interrogation of expert witnesses concerning the fees they have charged in this case.

**So ORDERED and SIGNED this 26th day of January, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

3