**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ARCHER AND WHITE SALES, INC., | ) |
| Plaintiff, | ) CIVIL ACTION NO.: |
| | ) 2:12-CV-00572-JRG-RSP |
| v. | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| HENRY SCHEIN, INC., et al., | ) |
| Defendants. | ) |

**OBJECTIONS TO ARCHER & WHITE'S SUMMARY JUDGMENT EVIDENCE AND RESPONSE TO PLAINTIFF'S OBJECTION TO DANAHER EXHIBIT 49**

Pursuant to Federal Rule of Civil Procedure 56(c)(2), Defendants Danaher Corporation, Instrumentarium Dental Inc., Dental Equipment LLC, Kavo Dental Technologies, LLC, and Dental Imaging Technologies Corp. ("Defendants") object that the following materials cited in Plaintiff Archer & White's response to Defendants' motion for summary judgment cannot be presented in a form that would be admissible in evidence. These objections are made for the purpose of summary judgment only. Defendants reserve all objections to the admissibility of testimony and exhibits at trial.[1] Danaher Corporation also responds to Plaintiff's objection to Exhibit 49 to Danaher's Motion for Summary Judgment.

| Evidence | Objection |
|---|---|
| Exhibits 1, 10, 59, 97 | For the reasons set forth in Defendants' joint *Daubert* filings, the expert report (including the exhibits thereto) and testimony of Drs. Magee and Ikizler should be excluded in their entirety. Dkts. 298, 350. As also set forth in those filings, the report contains numerous embedded instances of inadmissible evidence, such as multiple-layer hearsay, lack of |

---

[1] Defendants incorporate by reference objections to Archer's summary judgment evidence filed by any other Defendant.

| Evidence | Objection |
|---|---|
|  | personal knowledge, undisclosed expert opinions, and undisclosed factual bases. *Id.* Defendants further object to these exhibits on the ground that expert reports and testimony cannot be used to prove up the underlying facts upon which the opinions are based. *Id.* |
| Exhibits 3, 102, 105 | These documents have not been authenticated. Fed. R. Evid. 901, 902. |
| Exhibits 4, 11, 32, 78; Exhibit B to Archer Objections | The substance of Archer's testimony or statements is inadmissible hearsay offered for the truth of the matters asserted. Fed. R. Evid. 802. |
| Exhibits 5, 6, 7, 8, 9, 31, 35, 38, 71, 81, 85, 100, 106, 122, 124 | The secretly recorded conversations (themselves and when played at depositions) contain inadmissible hearsay offered for the truth of the matters asserted, including double- and sometimes triple-level hearsay. Fed. R. Evid. 802; *see* Defendants' Omnibus Motion in Limine, Dkt. 358 (Jan. 30, 2018). They also pertain to Dynamic Dental, and therefore lack relevance to this case. Fed. R. Evid. 401, 402; *see* Defendants' Omnibus Motion in Limine, Dkt. 358 (Jan. 30, 2018). |
| Exhibits 12, 14, 15, 16, 23, 26, 42, 43, 44, 50, 52, 70, 82, 95, 96, 104, 107, 115, 118, 127, 128, 130 | Statements of other defendants offered for the truth of the matter asserted constitute inadmissible hearsay as to Danaher and the Dental Company Defendants. Fed. R. Evid. 802. To the extent they pertain to Dynamic Dental, they lack relevance to this case. Fed. R. Evid. 401, 402; *see* Defendants' Omnibus Motion in Limine, Dkt. 358 (Jan. 30, 2018). |
| Exhibits 24, 25, 27, 28, 29, 30, 40, 41, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 109, 110, 111, 127, 128, 129 | These exhibits relate to alleged conspiracies or wrongful acts that have nothing to do with Archer. As explained in Defendants' Motion in Limine #2, this evidence should be excluded. *See* Defendants' Omnibus Motion in Limine, Dkt. 358 (Jan. 30, 2018); Fed. R. Evid. 401, 402, 403, 404. Statements of other defendants offered for the truth of the matter asserted constitute inadmissible hearsay as to Danaher and the Dental Company Defendants. Fed. R. Evid. 802. |
| Exhibit 33, 34; Exhibit A to Archer Objections | Mr. Pettus's and Mr. Salerno's depositions contain embedded hearsay and concern Dynamic Dental. Fed. R. Evid. 401, 402, 802, |

2

| Evidence | Objection |
|---|---|
|  | Defendants' Omnibus Motion in Limine, Dkt. 358 (Jan. 30, 2018). |
| Exhibit 47 | As explained in Defendants' Motion in Limine #5, the handwritten notes of former Dynamic employee Skip Pettus are inadmissible hearsay, offered for the truth of the matters asserted, including double- and sometimes triple-level hearsay. *See* Defendants' Omnibus Motion in Limine, Dkt. 358 (Jan. 30, 2018); Fed. R. Evid. 802, 805. They also pertain to Dynamic Dental, and therefore lack relevance to this case. Fed. R. Evid. 401, 402; *see* Defendants' Omnibus Motion in Limine, Dkt. 358 (Jan. 30, 2018). |
| Exhibits 48, 49, 50, 51, 52, 53, 117 | These exhibits relate to distributors other than the Distributor Defendants and Archer and contain hearsay. As explained in Defendants' Motion in Limine #3, this evidence should be excluded. *See* Defendants' Omnibus Motion in Limine, Dkt. 358 (Jan. 30, 2018); Fed. R. Evid. 401, 402, 403, 802. |
| Exhibits 79, 80, 81, 82, 84, 85, 86, 87, 88, 106, 116, 119, 120 | These exhibits relate to non-party dental equipment manufacturers and contain multiple levels of hearsay. As explained in Defendants' Motion in Limine #4, this evidence should be excluded. *See* Defendants' Omnibus Motion in Limine, Dkt. 358 (Jan. 30, 2018); Fed. R. Evid. 401, 402, 403, 802. |
| Exhibit 98 | This document contains embedded, inadmissible hearsay. Fed. R. Evid. 802. |
| Exhibit 101 | Mr. Givens's testimony contains inadmissible hearsay. Fed. R. Evid. 802. |
| Exhibit 132 | Under Fed. R. Evid. 106, the following additional portions of the deposition should be, in fairness, considered at the same time: Ex. 52 to Summ. J. Reply, Dyer Tr. 28:2–13 (testifying that he was not involved in the decision to terminate Archer & White in 2014); Dyer Tr. 66:11–18 (testifying that non-party distributor Pearson was terminated because of "the quality of service and support"). |

Defendants also submit the following response to Plaintiff's objection to Defendants' summary judgment evidence.

| Evidence | Objection | Response |
| --- | --- | --- |
| **Exhibit 49 to Danaher's Motion for Summary Judgment, Dkt. No. 299-50** Email from Kirk Zambetti to Scott Hurlbut, et al., dated January 20, 2014, and attachments | The substance of this email and attachments is inadmissible hearsay offered for the truth of the matter asserted. *See* Fed. R. Evid. 802. | The document is admissible as a business record under Fed. R. Evid. 803(6). In addition, the facts evidenced in the document can be presented at trial in admissible form. |

Dated:  February 9, 2018

    Respectfully submitted,


/s/ *Brett C. Govett*
Brett C. Govett (Bar No. 08235900)
Katherine Lett (Bar No. 24007548)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201
Tel:  (214) 855-8118
Fax:  (214) 855-8200
Brett.Govett@nortonrosefulbright.com
Katherine.Lett@nortonrosefulbright.com

Layne E. Kruse (Bar No. 11742550)
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, TX 77010
Tel:  (713) 651-5151
Fax:  (713) 651-5246
Layne.Kruse@nortonrosefulbright.com

Jonathan B. Pitt (*pro hac vice*)
Liam J. Montgomery (*pro hac vice*)
Matthew C. Monahan (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
jpitt@wc.com
lmontgomery@wc.com
mmonahan@wc.com

*Counsel for Defendants Danaher Corporation, Instrumentarium Dental Inc., Dental Equipment LLC, Kavo Dental Technologies, LLC, and Dental Imaging Technologies Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by using the Court's electronic filing system on February 9, 2018.

/s/ *Brett C. Govett*
Brett C. Govett