**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ARCHER AND WHITE SALES, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:12-CV-00572-JRG |
| v. | § § § | |
| HENRY SCHEIN, INC., DANAHER CORPORATION, INSTRUMENTARIUM DENTAL INC., DENTAL EQUIPMENT LLC, KAVO DENTAL TECHNOLOGIES, LLC, DENTAL IMAGING TECHNOLOGIES, CORPORATION, PATTERSON COMPANIES, INC., BENCO DENTAL SUPPLY CO., | § § § § § § § § § § | |
| Defendants. | § | |

# ORDER

Before the Court is Plaintiff Archer and White Sales, Inc.'s ("Archer") Emergency Motion to Compel Production of Documents. (Dkt. No. 197)  In the Motion, Archer moves the Court order Danaher Corporation et al. ("Danaher") to "produce documents from seven additional custodians who possess information relevant to Archer's claims in this case, including Danaher's termination of Archer." (*Id*. at 1).

However, as noted by Danaher, "Archer already has documents from numerous high-level employees that supervised [the requested custodians]," specifically identifying various supervisors. (Dkt. No. 214 at 4).  These supervisors are only a subset of the sixteen custodians which the Parties agreed to as a part of the discovery process.

Archer filed this Motion one week after the Court entered its order governing the search terms to be applied to the agreed-upon custodians.  (Dkt. No. 165 at 5–6).  Archer asserts that it "discovered" and "learned" that these individuals have "highly relevant information within their files," (Dkt. No. 197 at 1, 3), but does not identify with specificity why its discovery occurred at this late date and still after the Court had expended considerable time and attention on this very subject.  Without greater justification—which has not been provided—the Court will not reopen this matter.

Archer also requests that the Court order Danaher produce employee performance review documents for "a select group of relevant witnesses in this case" "all of whom are either current employees."  (Dkt. No. 197 at 6).  Danaher responds that "archer requests *all* employee review files for eleven employees on only the thinnest of justifications." (Dkt. No. 214 at 6).  The Court agrees that this appears to be an overly speculative request.

Accordingly, having considered the Motion, the Court is of the opinion that the Motion should be, and hereby is **DENIED**.

**So Ordered this**
Feb 20, 2018

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE