**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ARCHER AND WHITE SALES, INC., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:12-CV-00572-JRG |
| v. | § § § | |
| HENRY SCHEIN, INC., DANAHER CORPORATION, INSTRUMENTARIUM DENTAL INC., DENTAL EQUIPMENT LLC, KAVO DENTAL TECHNOLOGIES, LLC, DENTAL IMAGING TECHNOLOGIES, CORPORATION, PATTERSON COMPANIES, INC., BENCO DENTAL SUPPLY CO., | § § § § § § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendant Danaher Corporation et al.'s ("Movants") Motion to Modify the Protective Order. (Dkt. No. 242) Specifically, the Movants ask the Court add language to paragraph II.B of the existing Protective Order (Dkt. No. 116) which permits the unilateral redaction by any party of various categories of documents including "competitive intelligenece and analysis reports," and "presentations to the Board of Directors" which are not "relevant to the claims and defenses of this case" for various reasons. (Dkt. No. 242 at 4).

Unilateral redaction by a party during discovery is an extraordinary measure, to be undertaken only in the most singular as it invites discovery abuse,[1] requires close supervision by

---

[1] The unilateral nature of the redaction requested begs the Court ask, "*sed quis custodiet ipsos custodes*?" VI Juvenal, Satires, l. 347 ("But who is to guard the guards themselves?").

the Court,= and runs contrary to the general rules and principles of discovery under the American justice system.

As Archer notes, the Movants' concern that a failure to modify the protective order will expose sensitive business information to the Plaintiff, to the Dental Company Defendants' competitors, customers, Schein, Patterson, and Benco, and potentially to third parties is "exactly the purpose of the Court's Protective Order." (Dkt. No. 259 at 7). The "Attorneys' Eyes Only" designation is for "highly commercially sensitive" information exactly of the type that Danaher describes. And if that protection is not enough, the "Attorneys' Eyes Only – Outside Counsel" designation provides even more protection for information that could compromise business relationships. (Dkt. No. 116 at 3).

As other courts have explained, "ordinarily, the fact that the producing party is not harmed by producing irrelevant information or by producing sensitive information which is subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case." *United States ex rel. Simms v. Austin Radiological Assoc.*, 292 F.R.D. 378, 386 (W.D. Tex. 2013) (quoting *Beverage Distribs. v. Miller Brewing Co.*, No. 2:08-cv-827, 2010 U.S. Dist. LEXIS 50732, at *13 (S.D. Ohio Apr. 28, 2010)).

Accordingly, having considered the Motion, the Court is of the opinion the Motion should be and hereby is **DENIED**.

The Court **ORDERS** that, to the extent that the Movants have not yet produced unredacted copies of the documents referenced in the Motion's briefing, they **SHALL PRODUCE** such documents in accordance with the existing discovery order within seven (7) calendar days from the issuance of this Order. The Discovery period is reopened and extended, as necessary, for this single purpose.

**So Ordered this**

**Feb 20, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE