**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ARCHER AND WHITE SALES, INC., | § § § § § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | |
| HENRY SCHEIN, INC., DANAHER CORPORATION, INSTRUMENTARIUM DENTAL INC., DENTAL EQUIPMENT LLC, KAVO DENTAL TECHNOLOGIES, LLC, DENTAL IMAGING TECHNOLOGIES, CORPORATION, PATTERSON COMPANIES, INC., BENCO DENTAL SUPPLY CO., | | CIVIL ACTION NO.  2:12-CV-00572-JRG |
| *Defendants*. | | |

**ORDER**

Before the Court is Defendants' Motion to Stay Pending Appeal (the "Motion to Stay"), (Dkt. No. 409), and Plaintiff's Motion to Set Docket Control Order (the "Motion to Set DCO"), (Dkt. No. 410).  Having considered the briefing and relevant authorities, the Court hereby **GRANTS** the Motion to Stay and **DENIES** the Motion to Set DCO for the reasons set forth herein.

On March 2, 2018, the above-captioned case was stayed pending the filing and disposition of a petition for a writ of certiorari to the Supreme Court of the United States. (Dkt. No. 399.) On June 25, 2018, the petition for writ of certiorari was granted, (Dkt. No. 406), and the Supreme Court issued its judgment on January 8, 2019.  *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019).  The stay was subsequently lifted. (Dkt. No. 399.)

In *Schein v. Archer & White*, the Supreme Court reversed the Fifth Circuit's holding that even if the parties delegate the threshold question of arbitrability to the arbitrator, the district court

may, in its discretion, decline to send the arbitrability issue to the arbitrator if it finds the assertion of arbitrability to be "wholly groundless." 139 S. Ct. at 529. The Court held that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract" and "remanded for further proceedings consistent with this opinion." *Id.* at 531. The Court "express[ed] no view about whether the contract at issue in this case in fact delegated the arbitrability question to an arbitrator" and explained that "[o]n remand, the Court of Appeals may address that issue in the first instance, as well as other arguments that Archer and White has properly preserved." *Id.*

On February 13, 2019, the Fifth Circuit ordered the parties to file supplemental briefs addressing the impact of the Supreme Court's decision on the remaining arbitration issues. *See Archer and White Sales, Inc. v. Henry Schein, Inc., et al*, No. 16-41674 (5th Cir. 2016). Briefing has been completed and oral argument is set before the Fifth Circuit for May 1, 2019. *Id.*

Defendants move for a stay to permit the Fifth Circuit to address the remaining arbitration issues on remand. They explain that the "primary issue remanded to the Fifth Circuit [is] whether [the parties'] contract's invocation of the AAA's rules constitutes an express delegation of the question of arbitrability to the arbitrator." (Dkt. No. 409 at 4.) Defendants explain that nearly every circuit, including the Fifth Circuit, has held that arbitration agreements "clearly and unmistakably delegate arbitrability to the arbitrator when it incorporates arbitration rules that provide for such delegation." (*Id.* at 4.) Defendants argue that should the Fifth Circuit find that the parties did delegate this threshold inquiry to the arbitrator and "decide to refer the case to arbitration, [then] all of the issues before this Court would be moot." (*Id.* at 3.) Otherwise, Defendants contend they will have to suffer the expense and time of a trial to then have the claims sent to arbitration. (*Id.*)

2

Plaintiff "agrees that a trial should not occur before the Fifth Circuit issues its opinion," but "does not agree that the pending appeal should prevent the Court from issuing a new Docket Control Order setting a pretrial schedule and motions hearing, or from reserving a potential trial date." (Dkt. No. 413 at 1; Dkt. No. 410 (Motion to Set DCO).)  Plaintiff argues that Defendants are not likely to succeed on appeal and that the Fifth Circuit will likely find that the contract does not delegate the threshold inquiry to the arbitrator. (Dkt. No. 413 at 3.)  Plaintiff argues that denying a stay will not cause Defendants irreparable harm because Plaintiff "asks only that the Court reserve dates on its calendar for hearings and a trial pending the Fifth Circuit's decision" and is amendable to pushing those dates should the appeal remain pending. (*Id.*)

In exercising its discretion to control its own docket, the Court finds that a stay is appropriate in this particular case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, No. 2:11CV248, 2012 WL 12830187, at *2 (E.D. Tex. May 18, 2012).  The issues before the Fifth Circuit are set for oral argument on May 1, 2019 and their resolution on appeal could potentially moot all claims pending before this Court.  Moreover, Plaintiff has represented that it "does not expect the Court to rule on any pending motions while the arbitration issue is pending [on appeal]." (Dkt. No. 410 at 1.)  Accordingly, the Court does not find it necessary to "reserve" potential pretrial and trial dates before the Fifth Circuit issues a decision on remand.

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Stay Pending Appeal, (Dkt. No. 409), and **DENIES** Plaintiff's Motion to Set Docket Control Order, (Dkt. No. 410).  It is **ORDERED** that all pending deadlines in Case No. 2:12-cv-00572-JRG are **STAYED** pending a future order lifting the same.  When the Fifth Circuit issues its decision addressing the arbitration issues on remand from the Supreme Court in Case No. 16-41674, the Parties may seek

to lift the stay if the Circuit's opinion provides a basis for such relief.  Further, when the Fifth Circuit has issued its decision, the Parties are **ORDERED** to file a Joint Status Report with the Court that (1) notifies the Court of the Fifth's Circuit's decision and (2) identifies all motions, issues, claims or portions thereof which are rendered moot by the Fifth's Circuit decision and setting forth a complete list of surviving motions, issues, claims, or portions thereof which remain live for the Court.

      **So ORDERED and SIGNED this 1st day of April, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE