# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ARCHER AND WHITE SALES, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HENRY SCHEIN, INC., et al.<br><br>　　　　Defendants. | Civil Action No. 2:12-CV-00572-JRG<br><br>**ORAL ARGUMENT REQUESTED** |

# DEFENDANTS' JOINT SEALED RESPONSE TO PLAINTIFF'S
# SUPPLEMENTAL MOTION *IN LIMINE* NO. 12

Archer's Supplemental Motion *in Limine* is puzzling at several levels. First, it claims Defendants intend to bring an "unpleaded and undisclosed counterclaim alleging that Archer breached a contract" and cites Rule 8(a) to exclude such a counterclaim. Dkt. No. 472 at 1. Yet no Defendant has had the opportunity to file an answer under Rule 8(a) because the Rule 12 Motions to Dismiss are pending. Second, and more importantly, Defendants made clear in the meet-and-confer process that no Defendant intends to bring such a breach-of-contract counterclaim against Archer. Instead, Defendants intend to do what their Initial Disclosures state they will do and what they are entitled to do in defense of these claims: Demonstrate that they terminated Archer for legitimate reasons that have nothing to do with an alleged conspiracy. Some, but certainly not all, of these reasons relate to Archer's failure to follow the requirements of the distribution agreements that Archer agreed to follow.

Contrary to Archer's argument, this has long been disclosed to and known by Archer, both contemporaneously with Mr. Archer himself in business communications at the time, but also in explicit disclosures, through discovery, and in motions practice. To start, Defendants are required in initial disclosures only to state "the legal theories and, *in general*, the factual bases of the disclosing party's claims or defenses (*the disclosing party need not marshal all evidence that may be offered at trial*)." *See, e.g.*, Ex. A, Mfr. Defs.' Initial Disclosures at 1 n.1 (Mar. 1, 2017) (emphases added). Although this is not an affirmative defense in the sense defined in Rule 8, in the Manufacturers' initial disclosures, they state "Archer will not obtain in discovery any facts sufficient to sustain a claim that any Manufacturer Defendant engaged in any contract, combination, or conspiracy in restraint of trade." *Id.* at 3–4. One proof of this contention is that the Manufacturers had legitimate reasons to terminate Archer, including but not limited to Archer's failure to adhere to key provisions of the dealer agreement.

Discovery made this clear, as well. For example, Archer's Interrogatory No. 1 asks the Dental Companies to identify distributors who have been terminated or have had their territory or scope of distribution rights limited, including the reasons why. Ex. B, Mfr. Defs.' Resp. to Pl.'s Interrogs. at 8 (July 17, 2017). Part of the Manufacturing Defendants' July 2017 response as to why certain distributors were terminated states that "authorized distributors are required to agree to standard terms and conditions in distributor agreements." *Id.* at 9. Those responses, attached, go on to explain precisely what parts of the dealer agreements the Dental Companies would rely on for termination decisions. *Id.* at 9–11. Thus, it was no surprise when the Dental Companies' Rule 30(b)(6) witness testified that one of the reasons for Pelton & Crane's termination decision was "the fact that Archer & White repeatedly went outside the geographic territory selling product where they were not supposed to sell product," in violation of its dealer agreement. Ex. C, Excerpt of P. Foster Dep. at 154:19–156:14. Finally, Defendants' experts cited similar bases for Archer's termination. Dkt. No. 298-4, Expert Rep. of R. Maness ¶ 114.

The Dental Companies also raised this justification for Archer's termination in their motion for summary judgment filed in 2017. One reason for terminating a distributor was "how well it adhered to the terms of its distribution agreement," and that "[p]ursuant to this process," they chose other distributors over Archer and in 2014 "terminated Archer from distributing their products." Dkt. No. 299 at 7–8.

Never at any of these junctures has Archer protested that Defendants somehow failed to disclose a supposed breach of contract claim, asked for more discovery on the issue, or asked for a particular theory or evidence to be excluded on the basis of an alleged non-disclosure. This is nothing more than a transparent last-ditch effort to avoid what Archer knows is a devastating blow to its non-existent conspiracy theories. The Court should deny this Motion.

Respectfully submitted

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Kyle R. Akin
Texas Bar No. 24105422
Robert C. Dalby
Arkansas Bar No. 2019221
**HALTOM & DOAN**
6500 Summerhill Rd., Suite 100
Texarkana, Texas 75503
Telephone (903) 255-5100
Facsimile (903) 255-0800
E-Mail: jdoan@haltomdoan.com
E-Mail: jthane@haltomdoan.com

Robert A. Van Kirk (pro hac vice)
Jonathan B. Pitt (pro hac vice)
Liam J. Montgomery (pro hac vice)
Benjamin W. Graham (pro hac vice)
Anna K. Tsiotsias (pro hac vice)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
rvasnkirk@wc.com
jpitt@wc.com
lmontgomery@wc.com
bgraham@wc.com
atsiotsias@wc.com

***COUNSEL FOR DEFENDANTS DANAHER CORP., INSTRUMENTARIUM DENTAL INC., DENTAL EQUIPMENT LLC, KAVO DENTAL TECHNOLOGIES, LLC, AND DENTAL IMAGING TECHNOLOGIES CORPORATION***

*/s/ Scott M. Flaherty (w/ permission)*
Scott M. Flaherty (pro hac vice)
Jay W. Schlosser (pro hac vice)
Mark G. Schroeder (pro hac vice)
Jeremy D. Schildcrout (pro hac vice)
**TAFT STETTINIUS & HOLLISTER LLP**
2200 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
612.977.8745
612.977.8650 (fax)
sflaherty@taftlaw.com
jschlosser@taftlaw.com
mschroeder@taftlaw.com
jschildcrout@briggs.com

Clyde Moody Siebman
**SIEBMAN, BURG, PHILLIPS & SMITH LLP**
4949 Hedgcoxe Road
Suite 230
Plano, TX 75024
214-387-9100
214-387-9125 (fax)
clydesiebman@siebman.com
stephaniebarnes@siebman.com

***ATTORNEYS FOR THE PATTERSON COMPANIES, INC.***

*/s/ Paul F. Schuster (w/ permission)*
Paul F. Schuster
pschuster@lockelord.com
John P. McDonald
jpmcdonald@lockelord.com
Cynthia Timms
ctimms@lockelord.com
Matthew K. Hansen
mkhansen@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

Lauren M. Fincher
lfincher@lockelord.com
**LOCKE LORD LLP**
600 Congress Ave., Ste. 2200
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

Harry L. Gillam, Jr.
TX Bar No. 07921800
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

Colin R. Kass (pro hac vice)
ckass@proskauer.com
**PROSKAUER ROSE LLP**
1001 Pennsylvania Avenue NW
Washington, DC 20016
Telephone: (202) 416-5865
Facsimile: (202) 416-6899

***ATTORNEYS FOR DEFENDANT HENRY SCHEIN, INC.***

*/s/ Kenneth L. Racowski (w/permission)*
**Kenneth L. Racowski (*pro hac vice*)**
**Thomas P. Manning (*pro hac vice*)**
**Mark A. Kasten (*pro hac vice*)**
Buchanan Ingersoll & Rooney, PC - Philadelphia
Two Liberty Place, Suite 3200
50 South 16th Street
Philadelphia, PA 19102
Tel: (215) 665-8700
Fax: (215) 665-8760
Email: kenneth.racowski@bipc.com
Email: thomas.manning@bicp.com
Email: mark.kasten@bipc.com

T. John Ward
Claire Abernathy Henry
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400
tjw@wsfirm.com
claire@wsfirm.com

***ATTORNEYS FOR DEFENDANT***
***BENCO DENTAL SUPPLY COMPANY***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All counsel of record has been served with a true and correct copy of the foregoing by email on this 14th day of January 2020.

/s/ *Jennifer H. Doan*
Jennifer H. Doan