# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ARCHER AND WHITE SALES, INC.**<br><br>　　　**Plaintiff,**<br><br>　v.<br><br>**HENRY SCHEIN, INC., DANAHER CORPORATION, INSTRUMENTARIUM DENTAL, INC., DENTAL EQUIPMENT, LLC, KAVO DENTAL TECHNOLOGIES, LLC, DENTAL IMAGING TECHNOLOGIES CORPORATION, PATTERSON COMPANIES, INC., AND BENCO DENTAL SUPPLY CO.,**<br><br>　　　**Defendants.** | Civil Action No. 2:12-CV-00572-JRG<br><br>**FILED UNDER SEAL** |

**PLAINTIFF ARCHER AND WHITE SALES, INC.'S RESPONSE IN OPPOSITION TO
<u>DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE</u>**

**MIL 20: References to any Defendant as a "conspirator," "cartel member," or any other disparaging, derogatory, or conclusory title presupposing Defendants have engaged in the conduct Plaintiff alleges.**

Defendants argue that Archer "disparages" them by using terms like "cartel members" and "conspirators" in the Joint Pretrial Order.  As a threshold matter, Defendants advanced the same argument in Defendants' motion in limine (MIL) No. 14, filed nearly two years ago, which sought to prohibit "group" terms including "cartel members" but also including, remarkably, terms like "Defendants" or "Danaher."  Dkt. No. 358 at 14.  For all the reasons stated in Archer's response, Dkt. No. 378 at 14-15, the Court should deny Defendants' MIL No. 14. The Court should also deny the current motion (MIL No. 20), for the reasons stated in Archer's prior briefing and below.

Defendants' latest motion seems to narrow their arguments to only so-called "derogatory" terms, specifically: "cartel members" and "conspirators."  Despite this apparent narrowing, however, Defendants continue to mischaracterize the terms in question and to seek inappropriate relief.

The term "cartel" is a term-of-art in antitrust cases, as shown in the reports of Archer's experts Steven Magee and Devrim Ikizler.  *See, e.g.*, Dkt. No. 298-2 at 45, ¶ 119 (opining that



).[1]  Far from disputing the appropriate use of the term-of-art in this context, Defendants' expert Robert Maness ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Nevertheless, Defendants would convert any utterance of this term into a violation of a Court order.  However, such a ruling would serve no purpose but to prohibit common descriptor, setting a landmine for counsel and the parties' witnesses.

---

[1] Usage of the term is also common in the caselaw interpreting and applying the Sherman Act.  *See, e.g.*, *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 806 F.3d 835 (5th Cir. 2015).  Defendants do not cite a single case excluding a reference to the phrase "cartel" in an antitrust context, and Archer has found none.

Moreover, there is no appreciable risk that a jury would confuse Defendants with ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████, courts have denied motions in limine seeking to limit the language used at trial. *See, e.g.*, *Joan Cravens, Inc. v. Deas Constr., Inc.*, 2017 U.S. Dist. LEXIS 6822, at *8 (S.D. Miss. Jan, 18, 2017) (denying motion to prevent reference to the phrase "guillotine" because "[t]he Court does not believe that there is a risk that the jury will take the comparison so literally as to believe that Plaintiffs are accusing Defendants of decapitation"). Even if there were minimal risk of such an association (there is not), it could be addressed by the parties and their experts during the trial.

A wholesale bar on the term "conspirator" is likewise unwarranted. The fundamental allegation in this case is Archer's contention that the Defendants engaged in a "contract, combination, and conspiracy in restraint of trade." Dkt. No. 462 (Joint Pretrial Order, defining the nature of the action). The term "conspirator" and related terms like "co-conspirator," "conspiracy," "conspire," and "conspired" will also appear throughout the case—as they have since its inception. For example, the parties' experts use these terms throughout their reports; *see, e.g.*, Dkt. No. 298-2; so do both sides' proposed jury instructions, Dkt. No. 480; and the terms "conspirator" or "co-conspirator" might play into the evidentiary issues that arise during trial, *e.g.*, through the co-conspirator exception to the rule against hearsay). Accordingly, a blanket ruling making an utterance of the word "conspirator," whether intentional or otherwise, a violation of a Court order would be unworkable and unjustified.

Dated: January 14, 2020.

**MCKOOL SMITH, P.C.**
/s/ *Samuel F. Baxter*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
**McKool Smith, P.C.**
104 E. Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Lewis T. LeClair
Texas State Bar No. 12072500
lleclair@mckoolsmith.com
Gary Cruciani
Texas State Bar No. 05177300
gcruciani@McKoolSmith.com
Travis E. DeArman
Texas State Bar No. 24074117
tdearman@McKoolSmith.com
Chelsea A. Priest
Texas State Bar No. 24102375
cpriest@McKoolSmith.com
**McKool Smith, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Charles E. Fowler, Jr.
Texas State Bar No. 24083014
cfowler@McKoolSmith.com
**McKool Smith, P.C.**
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

***ATTORNEYS FOR PLAINTIFF ARCHER AND WHITE SALES, INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via electronic mail on January 14, 2020.

/s/ *Travis DeArman*
Travis DeArman

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case (Dkt. No. 116).

/s/ *Travis DeArman*
Travis DeArman
